Allen *v.* Dravo Corporation et al., Appellants.

Argued April 23, 1942.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Murray J. Jordan,* with him *Fred J. Jordan* and
*Rufus S. Marriner,* for appellants.

*Joseph J. Benedict,* of *Devore, Benedict & France,*
for appellee.

OPINION BY KELLER, P. J., July 23, 1942:

The claimant on June 17, 1938 sustained very severe
injuries while in the employ of the defendant company,
as a result of the tipping of a scaffold on which he was
working, and his consequent fall of about sixty feet.
An open agreement of compensation was entered into
under which he was paid compensation for total dis-
ability up to and including June 6, 1940.

On June 26, 1940 the defendant asked for a modifica-
tion of the compensation agreement from total to a

partial disability of 50 per cent, to which the claimant filed an answer denying that there was any such decrease of disability and averring that he was still totally disabled.

Following a hearing at which medical testimony was produced on behalf of the claimant and the defendant respectively, the referee found that the claimant's disability had changed as of June 6, 1940 from one of total to one of 50 per cent partial, and ordered that the agreement be modified so as to provide for payment of compensation for 50 per cent partial disability, that is, at the rate of $10.08 per week, beginning June 6, 1940 to continue thereafter until the disability ceased or changed in extent, but not to exceed the statutory limitation.

On appeal to the board, the referee's findings of fact, conclusion of law and order of modification were affirmed.

There is in the record substantial competent testimony sufficient to sustain the findings of the referee, affirmed by the board.

On appeal to the common pleas, that court apparently overlooked that the workmen's compensation authorities—the referee and the board respectively—are the fact-finding bodies, and that if their findings—the board being the final arbiter on the facts—are supported by substantial competent testimony neither the court of common pleas nor this court can disturb them, even though we might have arrived at a different finding.

The court was moved by testimony in the record that this claimant "cannot compete in the open labor market" with a normal, sound and uninjured person, and set aside the findings of the referee and board, and restored claimant to compensation for total disability.

We have several times criticized the expression 'cannot compete in the open labor market'. It has no place in the workmen's compensation law. Of course, a man

who has been disabled to the extent of 50 per cent of his earning capacity cannot compete in the open labor market with an equally good uninjured person. Nor can a man who has lost an eye, a leg, or an arm, compete in the open labor market with men of equal ability who are sound in all their members. But that is not the criterion. If they are only partially disabled by their accidental injuries they receive compensation to the extent of their partial disability for the period fixed by law. If the injury is the permanent loss of a member, they are paid compensation for the number of weeks arbitrarily fixed by the statute (sec. 306c). If the injury does not amount to the permanent loss of a member, but the disability is not total, they receive compensation, proportioned to their disability, during the period of such partial disability not exceeding 400 weeks (sec. 306b).[1] Where the claimant has received an accidental injury which lessens his earning power but still leaves him able to do some work, neither the board nor a court has authority to extend the provisions of the Workmen's Compensation Act and award him compensation for total disability, instead of for partial disability, because, on account of his injury and consequent partial disability, he "cannot compete in the open labor market" with normal, sound and uninjured persons. The Workmen's Compensation Act establishes no such standard and it is time that the use of this unauthorized and misleading phrase be discontinued. There is no warrant for it in the statute.

---

[1] The Act of June 4, 1937, P. L. 1552, applies to this case. Section 306(b) provided, *inter alia,* "In cases of partial disability, the actual earnings of an employe, after the date of injury, may, along with other evidence, be received as evidence of the extent of his earning power, but if such employe has no such earnings, the referee may, in the interest of justice, fix such earning power as shall be reasonable, having due regard to the character of his previous employment, and the nature of his injury and his partial disability."

The assignments of error are sustained. The judgment is reversed and the order of the Workmen's Compensation Board is reinstated.