Pryor, Appellant, *v.* Sweet's Steel Company et al.

Submitted November 9, 1942.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Rhodes, Hirt and Kenworthey, JJ.

*Arthur C. Dale,* for appellant.

*Harry Alvan Baird,* for appellee.

OPINION BY STADTFELD, J., December 22, 1942:

This is a workmen's compensation case wherein the claimant, Helen E. Pryor, seeks to recover compensation for herself and her minor child by reason of the death of her husband, Richard E. Pryor, on December 22, 1938.

Claimant filed her petition for compensation on October 13, 1939, wherein she alleged that decedent was an employee of Sweet's Steel Company and that "while pushing a truck full of angle iron the deceased suffered a coronary occlusion resulting in his death." Defendant's answer denied that decedent sustained an injury and further denied that he died as a result of the alleged injury; it averred that decedent was "stricken with illness" at defendant's plant.

After hearings held, the referee, on the basis of his findings of fact and conclusions of law, disallowed compensation and dismissed the claim petition. The Workmen's Compensation Board, affirming the referee's findings of fact, conclusions of law and order of disallowance, dismissed the appeal. On appeal to the court of common pleas the order of the board was affirmed. This appeal followed.

The referee made, inter alia, the following findings of fact: "4. On December 13, 1938, the decedent, Richard Pryor, with four other men, was pushing a handtruck on rails from one of the defendant's buildings to another. The truck weighed between 600 and 700 pounds. It was loaded with about 1½ tons of angle irons. The track on which the truck was being moved was level. There was a curve in one part of the track. The load on the truck was not unusually heavy. Larger loads had been moved by the same number of men on other occasions. The testimony on behalf of the claimant, and we so find as a fact, was that two men could have moved this truck loaded as it was without any difficulty.

"5. We further find as a fact that the decedent, while pushing the truck with his four coemployees, was not using any strenuous effort in pushing the truck. Five men had gone to help push on the truck for the reason that they had nothing else to do until the material on the truck was brought back to their place of work.

"6. At about 9:00 A.M., which was a short time after the decedent had helped push the truck, he reported to the office and asked for his clock card so that he could go home. He stated that he was ill. He was perspiring. He went into the office and lay down on a cot. A doctor was called and the doctor told the decedent to rest on the cot until 11:00 o'clock. The decedent was then taken home in an automobile by one of the office employees. When he arrived home he was trembling. Two days later he was taken to the hospital and remained in the hospital for a week. He died on December 22, 1938 ......

"10. From the preponderance of the credible evidence in this case we find as a fact that the decedent, who was 29 years of age, died as a result of a coronary occlusion resulting from a sub-acute bacterial endocarditis. We further find as a fact that the coronary occlusion and the death of the decedent was not due to over exertion nor an accident, but was the natural result of a pre-existing sub-acute bacterial endocarditis."

Appellant assigns as error the referee's tenth finding of fact which had been affirmed by the board.

Where the decision of the board is against the party having the burden of proof, the question before the court is whether the board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence: *Walsh v. Penn Anthracite Mining Co.,* 147 Pa. Superior Ct. 328, 24 A. 2d 51.

The deceased had been engaged as a rail straightener under a flexible arrangement whereby the deceased was required to report regularly to another department (splice bar department) for extra work. He had been working in this department for a week prior to the date of the occurrence of his disability. It further appears that the work of pushing loads of material from one department to another for further operation was not assigned to men hired particularly for that purpose, but was done by those in each department in connection with their regular work.

It was admitted that decedent had a pre-existing heart condition and the testimony of two medical witnesses so stated.

Testimony as to whether decedent's assistance in pushing the truck resulted in over-exertion, was given by two fellow employees. After testimony had been received as to the weight of the truck and the load, the distance of the haul, and the number of men assisting, both testified that the work was not heavy and the push was not hard. There was also testimony to the effect that the pushing of loaded trucks between departments was not an unusual part of the ordinary work of the men in each department. It does not appear that any of the men engaged in pushing the load in question did not do his share of the work.

The instant case is governed by *Hamer v. Rishel,* 147 Pa. Superior Ct. 585, 24 A. 2d 664. There it appeared that decedent had been suffering from rheumatic heart disease, that he was employed in a building as a carpenter, and that while moving heavy doors from one part of the building to another, in the usual course of his work, he suffered a hemorrhage of the lungs and subsequently died. It was held that the death of decedent was not compensable.

This court, in the opinion by CUNNINGHAM, J., stated, "Manifestly, this case is one in which the decedent had

been suffering for a considerable period of time with a serious pre-existing disease. Claimant, therefore, had the burden of showing, by competent medical testimony and beyond mere conjecture, that her husband's death was attributable to some unexpected, fortuitous, and untoward occurrence, aside from the usual course of events, amounting to an accident within the meaning of the statute, rather than to the natural and normal progress of his disease. There was no evidence of any slipping, stumbling, or of any external, unexpected or untoward, occurrence. Claimant relied solely upon the theory that decedent's diseased and weakened heart had collapsed by reason of what she alleges was an 'unusual,' or 'over,' exertion put forth by him in carrying the doors. This contention raised an issue which has frequently been before, and considered by, our appellate courts.

"The meaning of the term 'over-exertion,' as used in decided cases, was fully considered in *Pastva v. Forge Coal Mining Co. et al.,* 119 Pa. Superior Ct. 455, 462, 463, 179 A. 919, and cases there cited. The cases in which a pre-existing disease was an important factor have been classified in *Royko v. Logan Coal Co.,* 146 Pa. Superior Ct. 449, 22 A. 2d 434." The instant case falls within the first classification set out in the Royko case, namely, those cases in which compensation was denied because the employee, notwithstanding his pre-existing diseased physical condition, continued at work until stricken while performing the usual duties of his employment and without the happening of any unexpected external occurrence. See, *Crispin v. Leedom and Worrall Co. et al.,* 341 Pa. 325, 19 A. 2d 400, reversing the judgment of this court in 142 Pa. Superior Ct. 1, 15 A. 2d 549.

Dr. Robert D. Spenser, a medical witness called on behalf of the appellant, testified that decedent "had a condition existing prior to December 13, 1938, which

in the natural course of events reached a climax on that date." Dr. A. M. Cook, a heart specialist, called on behalf of appellee, testified that he could not say "that the work in which he (decedent) was engaged on that date precipitated the occlusion which caused the death."

It is our opinion, after a careful review of the entire testimony, that the finding of the compensation authorities that decedent's death was not due to over-exertion was properly sustained by the court below, and that, decedent's death not having been "accidental" within the meaning of Section 301 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §411, 431, appellant is not entitled to compensation.

The order of the court below is accordingly affirmed.