## Astudas *v.* General Cement Products Co. et al., Appellants.

Argued October 1, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ. (RENO, J. absent).

*James J. Burns, Jr.,* for appellants.

*Carl Brandt,* with him *Edward A. Schultz* and *Paul W. Brandt,* for appellee.

OPINION BY KELLER, P. J., January 27, 1944:

In this workmen's compensation case, the referee, to whom the matter was assigned, sustained the claimant's petition to set aside a final receipt, but awarded him compensation on the basis of only fifty per centum partial disability, instead of for total disability, as claimed. On appeal by the claimant, the board found that the testimony of the defendant's medical witnesses was sufficient to support the referee's findings and award, but being uncertain whether the referee had weighed and considered the medical testimony presented by the claimant, it remanded the record to him for fuller consideration, "as a precaution against an inadvertent disregard of claimant's medical testimony."

The referee, in a discussion, which showed that he had given claimant's medical testimony proper weight and consideration, filed a second decision and order in which he re-affirmed his former findings and conclusions, and made the same award as in his first decision and order.

On a second appeal by the claimant to the board, that body, to whom the legislature has committed the duty of making final findings of fact in workmen's compensation cases, affirmed the findings of fact, conclusions of law and award of the referee.

An examination of the record shows substantial competent evidence to sustain the findings of fact, affirmed and adopted by the board, and those findings support the conclusions of law and the award. That being the case, neither the court below nor this court has the authority to set aside the board's findings and substitute other ones, even though certain evidence in the record, if accepted and followed, might sustain different findings. Neither the lower court nor this court is the fact-finding body.

The extent of the claimant's present disability and how much of it was caused by or was the result of the accident were matters for the determination of the board. Even claimant's medical witness, who testified that in his opinion, claimant is now 'totally disabled', insisted on injecting into his testimony, of his own accord, phrases that showed he was basing his opinion as to such total disability on claimant's ability to procure employment in "the *competitive* laboring market". He said claimant was "unemployable for *competitive* laboring work" and was "totally disabled for *competitive* laboring work"; which, we have previously pointed out, is not the test for determining total disability in compensation cases. See *Allen v. Dravo Corp.*, 149 Pa. Superior Ct. 188, 190-191, 27 A. 2d 491. He also admitted that some of claimant's present disability was the result of natural causes which might not be due to the accident.

In any event, the court below had no authority to substitute its own findings for the board's; and this, in effect, was what it did.

The judgment of the court below is reversed, and it is directed that judgment be entered in favor of the claimant for such amount, if any, as may be yet due him under the award of the board, which is hereby affirmed and re-instated.