Forsythe *v.* Harrison Township (et al., Appellants).

Argued April 10, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*James J. Burns, Jr.,* for appellants.

*A. L. McLaughlin, Jr.,* with him *Hirsch & Shumaker,* for appellee.

OPINION BY HIRT, J., July 19, 1945:

Claimant was a janitor in a township school. In the course of his employment he fell from a scaffold and suffered an impact fracture of the os calcis—the weight bearing bone—of the right foot. Osteomyelitis developed and, after elimination of the infection by treatment, the ankle became ankylosed. Although the fixation at the ankle was complete and permanent, the foot was in normal position. An open agreement was entered into for total disability on which compensation was paid to April 8, 1943. Defendant employer then presented the petition in this proceeding, for modifica-

tion, alleging that the injury had resolved itself into the loss of the use of the foot, or at most, that the disability was but partial. The referee upon sufficient evidence found that "claimant has not lost the industrial use of his right foot." Appellants may not now question this finding for it was not made the subject of exception on appeal to the board. *Nesbit v. Vandervort & Curry*, 128 Pa. Superior Ct. 58, 193 A. 393; *Vadnal v. Krsul-Kutchel Co.*, 149 Pa. Superior Ct. 269, 27 A. 2d 709. The single question, here, is whether claimant's continuing disability is still total. The referee found 85% actual impairment of earning power, but classified claimant as a *nondescript* and on that ground made an award for total disability. The board affirmed and the lower court entered judgment on the award.

Claimant, against the advice of his surgeon, still depended on a cane in walking. The board affirmed all of the findings of the referee, among them: "that he can do some light work which would not necessitate his standing for any prolonged periods of time and work which would not involve any motion of the leg." In the main, the finding is supported by claimant's admissions. Claimant walks much, for its therapeutic value, though discomfort and swelling of the foot results. He testified that he could do light work if he did not have to stand all day; that he "would have to sit down once in a while." He did not otherwise qualify his ability to do general light work. There is no support for that part of the finding that claimant is limited to "work which would not involve any movement of the leg." The leg is not involved. The disability is confined wholly to the right foot and the foot is still useful. On the other hand, claimant has not had specialized training. He has but a common school education and has worked only as a laborer, with some practical experience in painting and carpentry. Admittedly he cannot do his former work as janitor in a school.

Categorical classifications, perhaps, (Cf. *Conley v. Allegheny County,* 131 Pa. Superior Ct. 236, 250, 200 A. 287), have their value but the ready means of ending a proceeding by assigning a claimant to a class, does not relieve the board, nor us, from the duty of scrutinizing the facts and applying the appropriate principle of law to proper findings. The finding of 85% disability in this case is supported by the evidence and we are bound by it. But in our opinion that is the limit of claimant's compensable disability. The fact that claimant cannot compete in the "open labor market," with others who are physically normal and sound, is not controlling. *Allen v. Dravo Corporation,* 149 Pa. Superior Ct. 188, 27 A. 2d 491; *Astudas v. Gen. Cement Prod. Co.,* 154 Pa. Superior Ct. 60, 35 A. 2d 763. And he is not a 'nondescript,' and his classification as such, against findings, insofar as they are based upon testimony, does not support an award for total disability. There is a fundamental difference "between those who are able to do light work in general and those who are so limited in capacity that they are only fitted to perform special service, a class of work not generally available:" *Babcock v. Babcock & Wilcox Co.,* 137 Pa. Superior Ct. 517, 9 A. 2d 492. All of our cases recognize the distinction. As to the first class, it must be presumed that such work is available. *Consona v. R. E. Coulborn & Co.,* 104 Pa. Superior Ct. 170, 158 A. 300. On the other hand, employment is not usually open to those of the latter class who, because of disability, are unfitted for all work except casual odd jobs, and it is only they who are entitled to maximum compensation although, actually, not totally disabled. *Babcock v. Babcock & Wilcox Co.,* supra; *Earley v. Phila. & Reading C. & I. Co.,* 144 Pa. Superior Ct. 301, 19 A. 2d 615.

The presumption that general light work is available in the community has not been rebutted—the record is entirely barren of testimony on the subject. Claimant, therefore, on his own admissions, reflected in the find-

ings, is not a 'nondescript' under any classification recognized by our Workmen's Compensation Law.

Judgment modified, by reduction to compensation on the basis of 85% disability.