Golinski, Appellant *v.* Odin Stove Manufacturing
Company et al.

Argued April 10, 1946. Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*George J. Biebel,* for appellant.

*A. Grant Walker,* with him *Gifford, Graham, Mac-Donald & Illig,* for appellee.

OPINION BY RHODES, J., July 19, 1946:

This appeal by claimant in a workmen's compensation case has no merit on the facts, and is procedurally defective to raise the question of the alleged inconsistency of the findings of fact of the compensation authorities.

Claimant sought compensation under the provisions of the Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, No. 284, 77 PS § 1201 et seq. He alleged that he was totally disabled on February 24, 1942, as a result of silicosis, and that he was last exposed to such hazard while in defendant's employ. Defendant and its insurance carrier in their answer denied that he was totally disabled as the result of a silica hazard while in defendant's employ. It was further averred therein that any disability of claimant was due to tuberculosis and not to silicosis. It was admitted that claimant had been in the employ of defendant from July, 1936, to February 23, 1942, as a molder and grinder.

The referee found that claimant, while in the employ of defendant, had not been exposed to a silica hazard, and that his disability was not caused solely by silicosis, but resulted from tuberculosis with possibly some silicosis accompanying it. The referee's conclusions of law were that claimant, having failed to prove employment in a silica hazard, and having failed to prove that his disability was due solely to silicosis, or to silicosis accompanied by active pulmonary tuberculosis, as provided by the act, section 301 (d), (e), 77 PS § 1401 (d), (e), was not entitled to compensation. The Workmen's Compensation Board affirmed the referee's findings of fact, conclusions of law, and order of disallowance. The court below affirmed the board and dismissed claimant's appeal.

Claimant now asserts, for the first time, that the findings of fact are inconsistent with each other, and that the court of common pleas on appeal should have

set aside such findings, and should have substituted different findings in accordance with the evidence.

At the outset we may state that it is not within the province of the court of common pleas to reverse the board and substitute its own findings for those of the board. Matters for the consideration of the court are confined to questions of law and, of course, include a determination of whether there is competent and substantial evidence in the record to justify the findings. *Powell v. Hills Garage et al.,* 150 Pa. Superior Ct. 17, 21, 27 A. 2d 773. Had claimant's present complaint been brought before the court of common pleas in the proper manner and recognized as meritorious, that court could have done no more than have remitted the record to the board for further hearing and determination.

Claimant had the burden to prove to the satisfaction of the board all the essential elements of his case including the fact that his total disability was caused solely by silicosis, either alone or accompanied by active pulmonary tuberculosis, and the fact that he had the requisite aggregate employment with defendant in an occupation having a silica hazard. *McGarvey v. Butler Consolidated Coal Co. et al.,* 157 Pa. Superior Ct. 353, 356, 43 A. 2d 623; *Jaloneck v. Jarecki Mfg. Co. et al.,* 157 Pa. Superior Ct. 609, 612, 43 A. 2d 430; section 301 (d), (e), Act of June 21, 1939, P. L. 566, 77 PS § 1401 (d), (e).

We recognize that it is essential in the present case that the board's findings of fact be consistent with each other and with its conclusions of law and its order. *Jaloneck v. Jarecki Mfg. Co. et al.,* supra, p. 615. But we are of the opinion that the alleged inconsistency cannot now afford a reason for the reversal of the order of disallowance.

Claimant in appealing to the board from the referee's order of disallowance excepted to the referee's fourth, fifth, sixth, seventh, and ninth findings of fact as not supported by the evidence. On the appeal from

the board to the court of common pleas, claimant again complained of the findings of fact and also excepted to the board's failure to find that claimant's disability was due solely to the silicosis or silicosis accompanied by tuberculosis.[1]

Claimant predicates his argument on the alleged inconsistency between the fourth and the fifth findings of fact.

The fourth finding of fact reads as follows: "The claimant, while in the employ of defendant, was not exposed to a silica hazard in the grinding and molding operations."

The fifth finding of fact reads as follows: "Claimant on February 24, 1942, became totally and permanently disabled as the result of tuberculosis accompanied by silicosis, contracted while working for the Odin Stove Manufacturing Company [defendant]."

The ninth finding of fact reads as follows: "Claimant's disability was not caused solely by silicosis but resulted from tuberculosis with possibly some silicosis accompanying it."

The sixth and seventh findings are inconsequential for present purposes.

We think it is most significant that claimant in his appeal from the referee to the board excepted to the fifth finding of fact for the reason that it was not supported by the evidence. Surely there was no reason for claimant to thus except to a finding which he now contends should have been made the basis of an award in his favor. This position is taken notwithstanding the ninth finding of fact.

---

[1] As to exceptions, see *Nesbit v. Vandervort & Curry et al.*, 128 Pa. Superior Ct. 58, 64, 65, 193 A. 393; *McDermott v. Sun Indemnity Co. of New York*, 131 Pa. Superior Ct. 60, 70, 198 A. 499; *Forsythe v. Harrison Twp. et al.*, 157 Pa. Superior Ct. 433, 435, 43 A. 2d 366; *Wilkinson v. United Parcel Service of Pennsylvania, Inc., et al.*, 158 Pa. Superior Ct. 22, 33, 43 A. 2d 408; section 427, art. 4, Act of June 2, 1915, P. L. 736, as reënacted and amended, 77 PS §§ 872—881, 901, 902.

It is obvious from the fifth finding as it appears in the record that the word *not* was omitted, and that the finding should have read, "Claimant on February 24, 1942, became totally and permanently disabled as the result of tuberculosis accompanied by silicosis, *not* contracted while working for the Odin Stove Manufacturing Company."

We think if there was the slightest merit in claimant's charge of fundamental inconsistency in the findings it would have been raised at the proper time. Having seen fit to ignore what we believe to be an error of omission, it is too late to derive any advantage from it now. Claimant in his appeals construed the fifth finding as it was clearly intended to read, and as the opinion of the board and the opinion of the court below indicated. He had ample opportunity to raise the question of any inconsistency in the findings of fact, and had he done so a correction could have been made. On the contrary, he recognized throughout the proceedings that there was no such inconsistency as he now asserts for the first time.

Claimant's averment that his disability was caused solely by silicosis was dependent for its support upon the testimony of the medical experts. One was called by each side. Dr. Ralph Bacon, who was called by defendant, testified from the X-ray pictures which he had taken of claimant that there was present evidence of pleurisy involving the base of the right lung, and this he believed to be due to chronic tuberculosis. Dr. Russell S. Anderson, called by claimant, testified that he was satisfied that claimant had tuberculosis, that he thought he had silicosis, but that he could not say which, if either, was the cause of his disability. He further testified: "Q. Well, then, as I understand you, Doctor, you are not able to say that the sole cause of this claimant's disability is silicosis, are you? A. No. . . . Q. And you can't tell whether silicosis is the sole cause of his present disability? A. I don't think it is."

In view of the medical testimony, and especially the testimony of claimant's own medical expert, it would be difficult to understand how an award could have been expected in claimant's favor.

The fourth finding of fact to the effect that claimant was not exposed to a silica hazard in his employment with defendant is of secondary importance in view of the medical testimony and the ninth finding of fact. We think it is sufficient to say that there was competent evidence to support the fourth finding. The presence of testimony to the contrary would not permit us to conclude otherwise. The presumption created by section 301 (f) of the Act of June 21, 1939, P. L. 566, 77 PS § 1401 (f), is, under the circumstances, of no benefit to claimant. Claimant has not pressed this matter in his argument before us as he did in the court below. In *Jaloneck v. Jarecki Mfg. Co. et al.*, supra, 157 Pa. Superior Ct. 609, 618, 43 A. 2d 430, we discussed this presumption under similar circumstances.

The order of the court below is affirmed.