## Sulewski, Appellant, *v.* Baldwin Locomotive Works.

Submitted October 6, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Samuel M. Tollen,* for appellant.

*Thomas A. Curran, Frank I. Ginsberg* and *Chadwick, Curran, Petrikin & Smithers,* for appellee.

OPINION BY GUNTHER, J., January 12, 1951.:

John Sulewski, appellant, sought compensation under The Pennsylvania Occupational Disease Act of 1939, P. L. 566, as amended, 77 PS §1201, for total disability resulting from anthraco-silicosis. Both the referee and the board disallowed compensation on the

ground that claimant had not been exposed to a silica hazard. The court below affirmed the order of the compensation authorities and this appeal followed.

The sole question determinative of this appeal is whether the employer, Baldwin Locomotive Works, offered competent and substantial evidence to support the findings made by the compensation authorities that the claimant was not exposed to a silica hazard during the course of his employment with the defendant company. To entitle the claimant to an award under sections 301(d) and (g) and 308(a) of the Pennsylvania Occupational Disease Act, it is necessary that the proofs establish that claimant had an aggregate employment of at least four years in this Commonwealth, during a period of eight years next preceding his disability, in an occupation having a silica hazard, and that defendant was the last employer in whose employment claimant was exposed to such hazard. *Bingaman v. Baldwin Locomotive Works, Inc.*, 159 Pa. Superior Ct. 29, 46 A. 2d 512; *Metz v. Quakertown Stove Works*, 156 Pa. Superior Ct. 70, 39 A. 2d 534. There was a direct conflict in the testimony on the question of whether claimant was exposed to a silica hazard at appellee's plant. Claimant testified that he became totally disabled on April 18, 1946, as a result of silicosis; that he was last exposed to such hazard while in appellee's employ; that claimant started work with appellee on May 16, 1942, and worked until April 22, 1946. For approximately eleven years prior thereto (from 1930 to 1941), claimant had been employed by the Glen Alden Coal Co., where he had worked in the hard coal mines, and was there exposed to a silica hazard; that at the time of the termination of his employment with the Glen Alden Coal Co., he was suffering from anthraco-silicosis. Claimant testified that from May 16, 1942, to August 16, 1943, he worked in the wheel shop of appellee and on the latter date was

transferred to the frame shop where he continued his employment until April 22, 1946. Claimant testified that his employment in the wheel shop exposed him to a silica hazard in that while working in this department he used a grinding machine which had a wheel made of sand; that he ground steel castings; that there was "lots of dust" coming from the steel and the stone. A witness for the claimant testified that he was familiar with the work done in the wheel shop and that dust came from the iron in the casting and the grinding wheel. He was asked if there was sand in the work in the wheel shop and he replied: "There is in a general way and there is a shake-off and they can't get off all of the sand off the casting incurred in the process of the moulding . . .". Dr. E. Wayne Egbert, a radiologist and x-ray specialist, called by claimant, testified that silicosis was a progressive disease which could advance without an exposure to a silica hazard; that an x-ray taken of claimant in August, 1942, disclosed that claimant, at that time, had silicosis in the third or most advanced stage. Dr. Egbert's opinion that claimant was exposed to a silica hazard in appellee's plant because claimant was a "grinder and chipper" loses a great deal of its weight, however, since Dr. Egbert admitted that the existence of a silica hazard in chipping and grinding would depend ". . . on the industrial material he is using to grind with". Dr. Egbert admitted no knowledge of the industrial materials claimant was using. A similar weakness is readily observed concerning analogous testimony of Dr. Charles S. Aitken called by claimant.

Witnesses for the appellee testified that there was no silica involved in chipping and grinding either in the box and wheel shop or in the frame shop; that the grinding wheel used by claimant was made of aluminum oxide and no silica hazard was involved in the use of such wheel; that there is no sand-grinding

wheels in the area of the machine shop where the claimant worked; that there was absolutely no silica dioxide in the box shop where claimant worked. A doctor called on behalf of appellee testified that he had taken an x-ray of claimant's chest on August 25, 1942, which x-ray revealed that at that time the claimant had silicosis in the third stage, the most advanced stage; that claimant's work as a miner was the primary and direct contributing factor in causing his disability. He further testified that chipping and grinding, if sand is not present, is not a silica hazard; that mineral dust and particles do not produce silicosis; that aluminum oxide dust does not cause silicosis. On the basis of this testimony, the compensation authorities resolved the conflict in favor of the appellee.

It becomes abundantly clear that a recital of the foregoing evidence amply supports the findings and conclusions of the compensation authorities. "Where the decision of the board is against the party having the burden of proof—in this case, the claimant—bearing in mind that a trier of fact is not *required* to accept even uncontradicted testimony as true (District of Columbia's Appeal, 343 Pa. 65, 79, 21 A. 2d 883, 890) the question before the court is whether the board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence": *Walsh v. Penn Anthracite Mining Company*, 147 Pa. Superior Ct. 328, 333, 24 A. 2d 51. In light of the testimony, the findings of the compensation authorities, supported as they are by substantial competent and credible evidence, will not be disturbed on appeal. *Jaloneck v. Jarecki Manufacturing Co.*, 157 Pa. Superior Ct. 609, 43 A. 2d 430.

Order affirmed.