Neary *v.* Carbondale General Hospital, Appellant.

Argued March 21, 1956. Before HIRT, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (RHODES, P. J. and GUNTHER, J. absent).

*Matthew D. Mackie,* with him *Welles & Mackie,* for appellant.

*Ralph P. Needle,* with him *Needle, Needle & Needle,* for appellee.

OPINION BY HIRT, J., July 17, 1956:

For more than ten years, ending December 27, 1951, claimant, was in the employ of Carbondale General Hospital as a registered nurse. During that period she served generally throughout the hospital but particularly in the maternity, medical and surgical departments. She was unable to work after December 27, 1951 and in May of the following year filed her claim for compensation alleging total disability from pulmonary tuberculosis. To the list of compensable diseases enumerated in §108 of The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, the amendment of July 19, 1951, P. L. 1089, 77 PS §1208, added tuberculosis in the following language: "(m)

Tuberculosis in the occupation of nursing in hospitals or sanitaria involving exposure to such disease." The referee in entering an award found that during this period of her employment as a nurse in defendant hospital "the claimant was *exposed* to a tuberculosis hazard" and "that as a result of her exposure to a tuberculosis hazard in her employment with the defendant that the claimant suffered from active pulmonary tuberculosis, minimal, . . ." The referee also found "that the claimant was admitted to the Carbondale General Hospital as a patient on January 1, 1952 and remained there as such to February 17, 1952 at which time she was referred to the Carbondale branch of the Pennsylvania Tuberculosis Clinic and from the clinic sent to the Mt. Alto Sanitarium where she remained for over a year for treatment."

Section 301(f) of the 1939 Act as amended, 77 PS §1401, provides: "(f) If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of and in the course of his employment, but this presumption shall not be conclusive." The board in its opinion of July 27, 1955 stated: "we have carefully reviewed the record in this case and are of the opinion that nursing in general hospitals involves exposure to tuberculosis as an occupational hazard and that, by reason thereof, claimant is entitled to the presumption in her favor, as provided by Section 301(f) of the Act. We are of the further opinion that defendant has failed to rebut the presumption in favor of the claimant. Accordingly, claimant is entitled to the payment of compensation." The board without the taking of further testimony affirmed "the referee's findings of fact, con-

clusions of law and order of award." The lower court affirmed and entered judgment on the award.

There is medical evidence in this case that the transmission of tuberculosis, a communicable disease, in any hospital is very low but that "the incidence of acquiring tuberculosis among *general hospital* personnel is higher than that of the general population . . . Because they come in contact with unrecognized pulmonary tuberculosis and fail to take the precautionary measures that hospital personnel in tuberculosis sanatoriums normally do." As a matter of policy Carbondale General Hospital refuses to accept patients known to be suffering from tuberculosis. But unrecognized cases of tuberculosis get into general hospitals because persons e.g., injured in accidents or suffering from disease or illnesses are admitted to general hospitals without screening them for tuberculosis. The medical testimony is that the unknown cases of tuberculosis in general hospitals are responsible for the incidence of tuberculosis in nurses and that "there is more of a hazard from a tuberculosis standpoint in a general hospital than a tuberculosis hospital" because where the risks are known, proper and effective precautions are taken as a matter of routine.

We are all of the opinion that the award in this case cannot be based upon the fact that the defendant was a *general* hospital, and on that fact alone. But there is specific evidence that claimant was exposed to a tuberculosis hazard in the defendant hospital, which is entirely sufficient to support the findings to that effect in this case. One Bertha Arthur was a patient in the maternity ward of the defendant hospital from November 6, 1948 to November 27, 1948. She was attended by claimant on at least two nights; and before the delivery of her child and her discharge, tests

which were administered to her were positive for tubercular bacilli. So also it was established by the testimony that one Samuel Falvo, while suffering from active pulmonary tuberculosis, was a patient in defendant hospital from January 1, 1952 to February 17, 1952. It was upon this testimony of the occasional admission of a patient suffering from tuberculosis that the referee found (and the board affirmed) that claimant was exposed to a tuberculosis hazard in her employment with the Carbondale General Hospital.

It is idle for the defendant to argue that the proofs do not establish that plaintiff developed pulmonary tuberculosis while employed as a nurse in this hospital. That is positively established by the testimony. And, as counsel for appellee suggests, it is a fair inference that the claimant did not spend at least 8 months in Mt. Alto Tuberculosis Sanatorium "as a self-imposed exile". Moreover the fact that she developed tuberculosis during her employment with defendant is conceded by the defendant's answer to the claim petition, in this language: "Our hospital has been in operation since 1889 . . . and of all the nurses we have had . . . Mrs. Neary is the only one who developed tuberculosis . . ."

The board was the ultimate fact finding body. *Jaloneck v. Jarecki Mfg. Co. et al.*, 157 Pa. Superior Ct. 609, 43 A. 2d 430. And in this occupational disease case the weight of the medical testimony was for the board. *Scariato v. No. 9 Coal Company*, 176 Pa. Superior Ct. 1, 106 A. 2d 907. The Occupational Disease Act must be liberally construed in favor of an employee (*Roschak et ux. v. Vulcan Iron Works*, 157 Pa. Superior Ct. 227, 42 A. 2d 280) and this claimant, who has an award, is entitled to the benefit of all inferences from the evidence which are favorable to her.

*Schubert v. Oswald & Hess Co.*, 161 Pa. Superior Ct. 309, 54 A. 2d 113. The testimony in this case as to the hazard of tuberculosis, in hospitals such as the defendant, generally, coupled with the specific testimony of the admission of occasional patients to the hospital while they were suffering from active pulmonary tuberculosis, is entirely sufficient to support the findings, affirmed by the board, upon which the present award rests. When by the above testimony it was shown that there was an occupational disease hazard in claimant's employment, it was to be presumed under §301 of the Act that the pulmonary tuberculosis arose out of and in the course of claimant's employment. *Metz v. Quakertown Stove Works*, 156 Pa. Superior Ct. 70, 74, 39 A. 2d 534. The defendant's proofs did not overcome this presumption of fact.

Judgment affirmed.