## Sandell v. St. Vincent's Hospital

*Thomas E. Doyle,* for claimant.
*A. Grant Walker,* for St. Vincent's Hospital.
*John M. Wolford,* for St. Francis Hospital.

LAUB, J., April 27, 1957.—This is an appeal from the decision of the workmen's compensation board awarding compensation to claimant and fixing liability therefor in St. Francis Hospital. The facts, as found by the board, are in part as follows: On September 4, 1951, claimant entered the St. Francis Hospital at Pittsburgh, as a student nurse. During the latter part of March of that year she was engaged in duties on floor 4b of said hospital and during the course of said duties was exposed to tuberculosis, a disease from which one of her patients was suffering. On May 11, 1952, claimant terminated her duties on floor 4b and returned to her other duties in the hospital. On September 11, 1952, claimant transferred to St. Vincent's Hospital in Erie, and became actively engaged in the

duties of a student nurse at the latter institution. On November 7, 1952, it was discovered for the first time that claimant was infected with pulmonary tuberculosis. Because of her disability arising from said disease, the present action was initiated to recover compensation.

The referee concluded that St. Vincent's Hospital in Erie was the last employer of claimant, and that in its employment claimant was last exposed to the hazard of tuberculosis. The board reversed this finding and found that St. Francis Hospital, Pittsburgh, was the last employer of claimant in whose employment claimant was last exposed to the hazard of tuberculosis. This appeal followed.

The sole problem before us is whether the board, in its finding, was required to decide that claimant was exposed to tuberculosis while engaged in her duties at St. Vincent's Hospital. St. Francis Hospital contends that because St. Vincent's Hospital is a general hospital, the board was obligated under the law to find that her employment there constituted an exposure.

The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, sec. 108m, 77 PS §1208m, provides, inter alia, that the term "occupational disease" shall include tuberculosis in the occupation of nursing in hospitals or sanitaria involving exposure to such disease.* It further provides, section 301($f$), 77 PS §1401($f$), that if it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of and in the course of his employment, but this presumption shall not be conclusive. The same act, sec. 301($g$),

---

* By amendment of April 20, 1956, P. L. (1955) 1478, the provisions of this section were expanded to include the occupation of "nursing or auxiliary services".

77 PS §1401(*g*), further provides that the employer liable shall be the one in whose employment the employe was last exposed to the hazard of the occupational disease claimed, regardless of the length of time of such last exposure.

The clear meaning of the above mentioned sections of the Occupational Disease Act is: (1) Tuberculosis is compensable as an occupational disease if incident to employment in a hospital wherein exposure to such disease is involved; (2) employment in such a hospital raises a rebuttable presumption that the disease arose out of and in the course of claimant's employment therein; (3) claimant's last employer is the one to be charged with compensation if the employe was last exposed to the hazard of tuberculosis while employed by such last employer, and the length of time of employment with the last employer is of no moment in fixing the right to compensation.

The crux of the case, therefore, is whether claimant was exposed to tuberculosis while employed at St. Vincent's Hospital, not whether the disease was contracted or discovered while so employed. The issue is one of fact and not of law. The persistent use of the words "exposure", and "exposed" in the above mentioned sections of the statute clearly imply that exposure to the disease is the determining factor, and the creation of the rebuttable presumption just discussed clearly indicates that the finders of fact are at liberty to find contrary to the presumption if the evidence warrants. Otherwise, the terms of the statute would be meaningless.

St. Francis Hospital argues that the cases, Melamed v. Montefiore Hospital, 182 Pa. Superior Ct. 482, and Neary v. Carbondale General Hospital, 181 Pa. Superior Ct. 189, hold that employment in a general hospital is sufficient to base an award, and that the proof in this case, showing such employment in St. Vincent's

Hospital, binds the board to find against that institution. In both cases cited there was proof of exposure.

In the Melamed case the Superior Court, page 486, recited the testimony of one of the witnesses and stated: "This uncontradicted evidence of exposure is amply sufficient to support the award of compensation." In the same case, on the same page, the court then explained the Neary decision by stating that testimony as to the hazard of tuberculosis in general hospitals, " 'coupled with the specific testimony of the admission of occasional patients to the hospital while they were suffering from active pulmonary tuberculosis' " was sufficient to support an award. In neither case is the rule established that mere employment in a general hospital coupled with proof of the admission of tubercular patients binds the finder of facts to find that there was an exposure to tuberculosis. Those cases only go so far as to hold that such testimony is sufficient to base an award. The board did find, as a fact, that St. Francis Hospital was the employer in whose employ claimant was last exposed to tuberculosis. There is evidence to support its conclusion. Such finding, being exclusively within the province of the board, we are not at liberty to disturb it.

And now, to wit, April 27, 1957, the appeal is dismissed, the award is affirmed and judgment is entered in favor of claimant, Patricia Jean Sandell, and against defendant St. Francis Hospital as follows:

1. For compensation at the rate of $14 per week for total disability beginning November 14, 1952, to November 15, 1953, inclusive, a period of 52 3/7 weeks, in the total amount of $734, and for costs, and for interest on deferred payments from the date when the respective installments should have been paid.

2. For the costs of hospital services furnished claimant by the Erie County Tuberculosis Hospital for the first 90 days following her disability or until February 4, 1953.

3. For the bill of costs incurred by claimant as set forth in the referee's 20th finding of fact, viz., for costs at the hearing before Referee Smith on May 27, 1954, in the amount of $18.56 and for costs at the hearings before Referee Smith and Referee Dillman on December 16, 1954, and March 14, 1955, in the amount of $28.56.