Witters, Appellant, *v.* Harrisburg Steel Corporation.

Argued March 12, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Robert E. Horner,* with him *Elmer E. Harter, Jr.,* for appellant.

*Solomon Hurwitz,* with him *Hurwitz, Klein, Myers & Benjamin,* for appellee.

OPINION BY WRIGHT, J., June 11, 1957:

George J. Witters seeks compensation under The Pennsylvania Occupational Disease Act.[1] On January 27, 1953, he filed a claim petition alleging that he became totally disabled from silicosis on February 4, 1952, as a result of employment continuously since 1932 in an occupation having a silica hazard. The Referee disallowed the claim. Upon appeal to the Workmen's Compensation Board the decision of the Referee was affirmed. A further appeal was taken to the Court of Common Pleas of Dauphin County, which tribunal, in an able opinion by Judge SOHN,[2] sustained the decision of the Board. This appeal to the Superior Court followed.

The findings of fact of the Referee, affirmed by the Board, included the following: "Seventh: That the claimant did not have an aggregate employment in excess of four years in the Commonwealth of Pennsylvania as an employe of the defendant company during the period of eight years next preceding the date of disability in an occupation having a silica hazard: Eighth: That the claimant is not totally disabled as a direct result of silicosis contracted while he was engaged as an employe of the defendant company".

---

[1] Act of June 21, 1939, P. L. 566, 77 P.S. 1201 et seq.
[2] *Witters v. Harrisburg Steel Corp.,* 68 Dauph. 67.

Appellant's statement of the questions involved is as follows: "A. The Workmen's Compensation Board erred in that it failed to make proper Findings of Fact and Conclusions of Law, especially underlying Findings of Fact, and that it failed to properly apply law to fact. B. There is no competent, probative evidence to sustain the Workmen's Compensation Board's alleged Findings of Fact".

Section 418 of the Act (77 P.S. 1518) provides that the Board or Referee shall make "such findings of fact, conclusions of law, and award or disallowance of compensation, or other order, as the petition and answers and the evidence produced before it or him and the provisions of this act shall, in its or his judgment, require". In our view, the findings of fact in the case at bar are sufficiently definite to enable the court properly to perform the duties imposed upon it. See *Icenhour v. Freedom Oil Works Co.,* 145 Pa. Superior Ct. 168, 20 A. 2d 817; *Eldridge v. Blue Ridge Textile Co.,* 160 Pa. Superior Ct. 578, 52 A. 2d 339. "It was for the referee, and on appeal, the Workmen's Compensation Board, as the fact finding body, to determine whether from all the evidence the claimant had sustained the burden resting on him, and their finding that he had not, was a pure finding of fact which is not reviewable by the courts": *Frederick v. Berwind-White Coal Co.,* 115 Pa. Superior Ct. 581, 176 A. 60.

Appellant's position is that he was employed in an industry wherein the occupational disease of silicosis was a hazard. He testified that the air in which he worked was full of sand which he was constantly inhaling. However, the compensation authorities found, upon testimony offered by the employer, that claimant had not been exposed to the dust of silicon dioxide as expressly required by Section 108 of the Act (77 P.S. 1208); further, that he was suffering from sider-

osis rather than silicosis. Since the testimony on these issues was in direct conflict, the questions were properly ones of fact: *Irvin v. Plymouth Meeting Rubber Division Linear,* 182 Pa. Superior Ct. 280, 126 A. 2d 491. The case of *Rozauski v. Glen Alden Coal Co.,* 165 Pa. Superior Ct. 460, 69 A. 2d 192, cited by appellant, is entirely in accord with this proposition.

Appellant places special reliance upon *Metz v. Quakertown Stove Works,* 156 Pa. Superior Ct. 70, 39 A. 2d 534. In that case the principal question was whether the evidence supported a finding by the Board that the employment under consideration was in an industry wherein the occupational disease was a hazard. This court held that claimant had adduced sufficient evidence to give rise to the operation of Section 301(f) of the Act (77 P.S. 1401) quoted in the footnote.[3] See *Neary v. Carbondale General Hospital,* 181 Pa. Superior Ct. 189, 124 A. 2d 470. The decision in the *Metz* case was based upon the testimony of an expert medical witness for the claimant, together with "the absence of sufficient countervailing proof". No such testimony was offered by appellant in the case at bar. On the contrary, the employer offered evidence to the effect that there was no silicon dioxide present. Since the presumption can arise only when it is shown that the occupation was one in which silicosis is a hazard, whether the presumption arose and whether it had been rebutted were questions of fact for the compensation authorities: *Jaloneck v. Jarecki Manufacturing Co.,* 157 Pa. Superior Ct. 609, 43 A.

---

[3] "(f) If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of and in the course of his employment, but this presumption shall not be conclusive".

2d 430. The testimony of appellant and his lay witnesses was not only insufficient to give rise to the presumption, but also was rebutted by the testimony of the employer's witnesses. The finding that appellant had not been exposed to a silica hazard was therefore fully warranted. See *Sulewski v. Baldwin Locomotive Works,* 168 Pa. Superior Ct. 346, 77 A. 2d 715.

It was appellant's burden to prove all of the elements necessary to support an award: *DiSimone v. Beam,* 182 Pa. Superior Ct. 274, 126 A. 2d 799. Where the decision of the compensation authorities is against the party having the burden of proof, the question before the court on appeal is whether the findings of fact are consistent with each other and with the conclusions of law, and can be sustained without a capricious disregard of the competent evidence: *Irvin v. Plymouth Meeting Rubber Division Linear,* supra, 182 Pa. Superior Ct. 280, 126 A. 2d 491. It was said by Judge CUNNINGHAM in *Kasman v. Hillman Coal & Coke Co.,* 149 Pa. Superior Ct. 263, 27 A. 2d 762: "The profession should realize by this time that where the board has found the facts against the party having the burden of proof an appeal is a waste of time, effort and money, unless the appellant can demonstrate that the record is devoid of any substantial and competent evidence sustaining such findings, or that the law has been improperly applied to the facts as found".

In summary, we have carefully reviewed this voluminous original record. There is competent testimony to support the findings of the compensation authorities, not only with respect to the absence of a silica hazard, but also to the effect that appellant was not totally disabled as a result of silicosis. On this appeal we are bound by those findings.

The order of the court below is affirmed.