## McGarvey *v.* Butler Consolidated Coal Company et al., Appellants.

Argued April 26, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

**354**

*Karl E. Weise,* with him *Hirsch & Shumaker,* for appellants.

*Samuel Krimsly,* for appellee.

*Frank McC. Painter,* with him *William A. Challener, Jr.* and *Challener & Challener,* for amicus curiae.

OPINION BY RENO, J., July 19, 1945:

The question in this workmen's compensation case is whether the record contains sufficient competent evidence to support the referee's findings, affirmed by the board, that claimant is totally disabled solely as a result of silicosis contracted in defendant's bituminous coal mine, and whether the findings sustain the conclusions of law and the award to claimant under the Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, 77 PS §§1201 et seq. The Commonwealth, with the employer and insurance carrier, appealed from the decision of the referee to the board, but it did not join them in the appeal to the court below which affirmed the award. The case is here upon appeals by the employer and the carrier.

Claimant testified that he had worked in coal mines in Pennsylvania for over thirty years, during the last twelve of which he was employed by defendant, first as a cutter and, for the last two years of his employment, as a loader. While working as a cutter, claimant's duties required him to operate a machine which

removed veins of clay from beneath seams of soft coal, and the operation of the machine generated clouds of white clay dust which at times became so intense as to require claimant to cease work and leave the chamber until the dust in the air had settled. The cutting machine used by claimant had no sprinkling device to reduce the quantities of dust created, and he was not supplied with a mask to filter the air breathed by him. During the period of time claimant was engaged in loading coal, he was in the chambers when cutting was being carried on, or in close proximity thereto, and was subject to the dust hazards of a cutter. Claimant was forced to stop work on October 3, 1940, because of shortness of breath, a condition which he had noticed about a year previously and which had steadily progressed until he could no longer continue his employment. Both sides agree that he has since been totally and permanently disabled.

Dr. E. L. Mortimer, a general practitioner, testified that he had examined claimant on October 11, 1940, and had made a diagnosis of chronic bronchitis, emphysema and asthma, and because he could find no allergic basis for the asthma he concluded that claimant's occupation had a great deal to do with that condition and ordered that x-ray examinations be made.

Dr. R. G. Pett, a radiologist, testified he had taken x-ray films of claimant's chest and that they revealed extensive fibrosis of the lungs. The witness was of the belief that claimant was suffering from chronic respiratory lesions such as would occur with silicosis, but he could not make a diagnosis of that disease on the basis of his x-ray findings alone.

A specialist in internal medicine, and particularly diseases of the chest, Dr. Edward Lebovitz, testified that x-ray films taken by him showed the presence of coarse markings and nodules in claimant's lungs, and he expressed the opinion, based on the x-rays, a physical examination, and an occupational history, that

claimant was totally disabled as a result of silicosis contracted in his employment. Dr. Lebovitz stated he could not prove that claimant had tuberculosis or that any emphysema was present, and he testified that while there was some associated bronchitis, the silicosis was serious enough to be independently disabling.

Dr. Paul G. Bovard, a diagnostic roentgenologist called by defendant, testified that in his opinion, based upon a fluoroscopic and an x-ray examination, claimant displayed pulmonary fibrosis, or toughening of the lung tissue, the cause of which he could not isolate, but which, he said, could be attributable to silicosis if claimant had been exposed to silica dust at his occupation.

Defendant's other witness, Dr. A. H. Colwell, an internal medicine specialist who had examined claimant thoroughly, gave as his diagnosis that claimant was disabled from extreme pulmonary emphysema, silicosis, and adhesive pleurisy of the right diaphragm. This witness, although uncertain, believed the emphysema to be the dominant cause of disability and silicosis to be relatively unimportant, and he thought the emphysema to be the result of hard physical labor rather than a concomitant of the silicotic degeneration of claimant's lungs. Dr. Colwell was of the further opinion that claimant's silicosis could be traced to his long period of employment as a miner.

To establish his right to an award, it was necessary for claimant to prove to the satisfaction of the compensation authorities that his total disability was caused solely by silicosis, either alone or accompanied by active pulmonary tuberculosis; that he had been employed for at least four years in Pennsylvania, during the eight years next preceding the onset of his disability, in an occupation in which he was subjected to the hazard of exposure to the dust of silicon dioxide; and that defendant was the last employer in whose service he was exposed to a silica hazard. *Metz v. Quakertown Stove Works*, 156 Pa. Superior Ct. 70, 39 A. 2d 534. Appel-

lants do not contend that the evidence is insufficient to sustain a finding that claimant is totally disabled solely as a result of silicosis; their basic contention is that there is no evidence from which it could have been found that claimant was exposed to silica dust in the course of his employment for defendant, his last employer. If there is present in the record testimony from which it could have been inferred that a silica hazard was an incident to claimant's occupation the award must be upheld, as this court's authority in compensation cases does not extend to the formation of an independent judgment on controverted questions of fact. *Jones v. Philadelphia & Reading Coal & Iron Co.*, 154 Pa. Superior Ct. 513, 36 A. 2d. 172; *Plaugher v. American Viscose Corp.*, 151 Pa. Superior Ct. 401, 30 A. 2d 376. It is pertinent to observe that in the administration of the workmen's compensation statutes there is contemplated a liberal attitude toward the inferences which may permissibly be drawn from the evidence, in aid of the humane and remedial objects of the legislation. *York v. State Workmen's Insurance Fund*, 131 Pa. Superior Ct. 496, 200 A. 230.

Claimant did not choose to take advantage of the statutory presumption made available to him by §301 (f) of the Act, 77 PS §1401, by introducing evidence that there was a silica hazard in the bituminous mining industry, or in the occupations of cutter and loader, in general, thus throwing on defendant the burden of showing that the particular place where claimant worked was so conducted that there was no danger from silica. On the contrary, claimant undertook to prove that the conditions under which he worked in defendant's mines, without regard to the situation generally prevalent in the industry, were such that he was exposed to silica dust, and consequently there is not here involved the validity of any finding that the bituminous industry as a whole is one in which a silica hazard is present.

Claimant's reliance is placed in part upon the medical testimony and in part upon the fact that for many years he breathed the air contaminated by the heavy concentrations of white clay dust generated by the operation of cutting machinery. That silica compounds are among the ingredients of clay is well recognized. "Clay: A natural earthy material resulting from a decomposition of certain rocks, consisting essentially of a hydrated silicate of aluminum ......": The New Century Dictionary. "Clay consists mainly of aluminum silicate, and is derived mostly from the decomposition of felspathic rocks": a New English Dictionary (Oxford). "It [clay] is a hydrous aluminum silicate, generally mixed with powdered feldspar, quartz, sand, iron oxids, and various other minerals, and is formed from the decomposition of aluminous rocks chiefly from feldspar in granite": Funk & Wagnall's New Standard Dictionary of the English Language (1935). "The essential constituent of pure clay, or kaolin, is the mineral kaolinite, a hydrous aluminum silicate": Webster's New International Dictionary (2nd ed.). Dr. Pett testified that a diagnosis of silicosis could not be made merely from a study of x-ray films, and Dr. Bovard stated that a history of exposure to silica dust was necessary before lung congestion could be determined to be silicosis. Three physicians having a knowledge of claimant's employment experience traced the cause of his disability to his working conditions. Dr. Mortimer thought the years in the mines had a great deal to do with the state of claimant's lungs; while Dr. Lebovitz and Dr. Colwell, the latter called as a witness for defendant, found claimant to have silicosis and gave it as their opinion that the disease was the result of the occupations pursued by claimant over a long period of time. If it is necessary for medical practitioners to be convinced of an exposure to silica dust before they can in good faith make a diagnosis of silicosis, and if two abundantly qualified specialists, having a knowledge of claimant's

occupational · history, including the presence at his workplace of clay dust containing silica compounds, arrive at the professional opinion that claimant contracted silicosis while at work for defendant, it is difficult to perceive why the compensation authorities, to whom liberality is granted in drawing inferences from the evidence before them, may not conclude, what was a major premise for the doctors, that defendant's mine presented a silica hazard. It was within the province of the referee and the board to infer the presence of a silica hazard from the testimony in the record, and as they have done so, and as the findings of fact sustain the conclusions of law and the award, the assignments of error must be overruled.

Judgment affirmed.