Oskin *v.* Wheeling Steel Corp. et al., Appellants.

Argued April 15, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Karl E. Weise,* with him *Paul V. Neel, Ralph H. Behney* and *Hirsch, Weil & Shumaker,* for appellants.

*Fred J. Jordan,* with him *Murray J. Jordan,* for appellee.

Opinion by Rhodes, P. J., July 23, 1948:

This is a workmen's compensation case under The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, No. 284, as amended, 77 PS § 1201 et seq. Claimant, on June 16, 1945, filed a claim petition against his employer in which he set forth that he became totally disabled as the result of silicosis on March 31, 1945, and that he had been employed in an occupation having a silica hazard from 1927 to March 31, 1945. The answers denied that claimant became totally disabled on or about March 31, 1945, as the result of an occupational disease, and that he had been exposed to a silica hazard in his employment.

The Workmen's Compensation Board, affirming the referee, found that claimant was totally disabled as the result of silicosis, and that from July, 1927, to March 31, 1945, he was subject to a silica hazard in the course of his employment. The court below affirmed the award of compensation made by the board. This appeal followed.

Appellants' contentions are (1) that the evidence fails to establish that claimant was employed in an occupation having a silica hazard, and (2) that the evidence is insufficient to support the finding that claimant is totally disabled as the result of silicosis caused by exposure to a silica hazard in the course of his employment.

Claimant testified that he was employed as weighmaster by Consumers Mining Company in its coal mine from July, 1927, until March 31, 1945, a period of approximately eighteen years; that the coal to be weighed was loaded in cars and brought to claimant's station by motors which required the use of silica sand to facilitate stopping and starting; that he was obliged to work in a narrow space in the mine; and that the use of the sand created a cloud of white dust all the time in which he

had to work, and which he had to breathe while performing his duties at the place of his employment. This testimony, together with the medical testimony that he had silicosis caused by his occupation or by exposure to the dust at the place where he was working, was sufficient to warrant a finding that the claimant's occupation involved exposure to a silica hazard for the statutory period. *Mihalik v. Lattimer Coal Corp. et al.,* 162 Pa. Superior Ct. 450, 58 A. 2d 368; *McGarvey v. Butler Consolidated Coal Co. et al.,* 157 Pa. Superior Ct. 353, 43 A. 2d 623.

Section 301(e) of the Act of 1939, as amended, 77 PS § 1401(e), provides as follows: "Compensation shall be payable, as otherwise provided in this act, for total disability or death caused solely (as definitely distinguished from a contributory or accelerating cause) by silicosis, anthraco-silicosis, . . . or by silicosis, anthraco-silicosis, . . . when accompanied by active pulmonary tuberculosis."

The burden was on claimant to prove that his total disability was caused solely by silicosis, either alone or accompanied by active pulmonary tuberculosis, together with the other necessary elements to support an award. *Jaloneck v. Jarecki Mfg. Co. et al.,* 157 Pa. Superior Ct. 609, 612, 43 A. 2d 430. The compensation authorities accepted claimant's evidence, and made an award in his favor.

Claimant was obliged to cease work in the coal mine of Consumers Mining Company on March 31, 1945, especially due to a lung condition. He was short of breath and became so weak that he was unable to continue. He thereupon went to Arizona where he remained about two months. Upon his return he filed a claim on June 16, 1945, for disability due to silicosis. Notwithstanding any previous diagnosis, his condition was subsequently definitely diagnosed as caused by silicosis. He did not have pulmonary tuberculosis.

Dr. K. M. Cosgrove, of the United States Army Hospital at Aspinwall, Pennsylvania, produced X-ray photographs of claimant's chest taken there on August 17, 1945, and testified that they were indicative of silicosis, as they disclosed that there was a widespread mottling in both lungs.

Dr. K. I. Fetterhoff, a specialist in chest diseases, testified: "An X-ray of the [claimant's] chest taken September 12, 1945, shows widely scattered, moderately coarse mottling throughout both lungs with definite nodule formation. There were heavy striations throughout. Both leaves of the diaphragm were depressed. I made a diagnosis of silicosis of the lungs. In my opinion John Oskin was totally and permanently disabled, due to silicosis caused by his occupation at the Consumers' Mining Company at Harmarville, Pennsylvania." This witness further testified: "My diagnosis is silicosis in this case. The history, the physical, and the X-ray examination show, and convince me of the fact that this patient has silicosis to the extent that he is totally and permanently disabled"; and that although claimant "might have arthritis," his total and permanent disability is due to silicosis.

Dr. Edward Lebovitz, a specialist in internal medicine and diseases of the chest, examined claimant and took X-ray films. He testified: "The picture, as I mentioned originally, is bilateral symmetrical involvement in both lung fields of the nodular type, and my impression and diagnosis is that he has silicosis and that there is sufficient silicosis which is causing his symptoms and disability and that he is disabled and totally disabled from the chest condition. . . . From the silicosis."

On the physical examination, Dr. Lebovitz noted that claimant had some evidence of arthritis in the joints. Claimant had this same condition for several years prior to March 31, 1945, while he was employed. Dr. Lebovitz' professional opinion that claimant was totally dis-

abled from silicosis was given notwithstanding the presence of any arthritis.

Dr. Lebovitz, as well as Dr. Fetterhoff, was of the opinion that claimant contracted silicosis from exposure to the dust at the place where he was working in the mine of Consumers Mining Company.

Dr. C. Howard Marcy, called on behalf of appellants, testified that in his opinion claimant was suffering from second stage silicosis, but that his disability was due chiefly to arthritis. This witness stated that the only place that he knew of that claimant could have acquired silicosis was in the mine where he worked from 1927 to 1945.

It is clear that the testimony in the record was sufficient for the compensation authorities to infer the presence of a silica hazard in the employment in which claimant was engaged.

We are also of the opinion that the evidence submitted was sufficient to support a finding that claimant's total disability was the result of silicosis and caused solely thereby. In *Treaster v. North American Refractories Co. et al.*, 156 Pa. Superior Ct. 567, 572, 41 A. 2d 53, 56, we said: "If the silicosis with which the employee was afflicted was the sole cause of his death [or disability], under a proper definition of that term, the mere concurrent existence of independent physical weaknesses is insufficient to tip the scales in his employer's favor. . . . A silicotic condition that merely contributes to death along with other coöperating infirmities, or which simply serves to aggravate a preëxisting disease or state of physical weakness into fatal consequences would not be sufficient to sustain an award under the Act; but where the silicosis is itself the active agency which terminates the life, there is compliance with the statute, notwithstanding the victim displayed disorders unconnected with the occupational disease which might in themselves have produced death had they been allowed to traverse their expected course. In the latter event,

the disease or weakness is a passive factor without effect in depriving the silicosis of its character as the sole producing cause of death." See, also, *Anderson v. Schroeder Monumental Works*, 159 Pa. Superior Ct. 620, 49 A. 2d 631.

Judgment is affirmed.