## Premaza *v.* Hanze, Appellant.

Argued September 28, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Joseph Head, Jr.,* with him *John B. Martin* and *Duane, Morris & Hecksher,* for appellant.

*Frank R. Ambler,* for appellee.

OPINION BY ROSS, J., November 9, 1948:

Thomas Premaza while in the course of his employment with the defendant company suffered an ankle injury on June 16, 1945. He died on July 27, 1945, of cardiac decompensation. His widow, Katherine, on behalf of herself and four dependent children, filed a petition for workmen's compensation for the death of her husband. The referee, affirmed by the board, made an award which was sustained by the court below, and the employer took his appeal.

The referee, affirmed by the board, made, inter alia, the following findings of fact: "5. That as a result of the accidental injury sustained by the decedent, the decedent, sustained a coronary decompensation. 6. That the coronary decompensation of the decedent sustained as a result of his accidental injury on June 16, 1945, resulted in his death on July 27, 1945. 7. That the decedent's death was directly related to, and caused by the accident sustained by him." The only question in this appeal is whether these findings of fact are supported by substantial competent evidence, and as the compensation authorities found in her favor the evidence must be reviewed in the light most favorable to the claimant (*Hockenberry v. State Workmen's Insurance Fund,* 133 Pa. Superior Ct. 249, 2 A. 2d 536) and she is to be given the benefit of the most favorable inferences reasonably deducible therefrom. *Paulin v. Williams & Co., Inc.,* 122 Pa. Superior Ct. 462, 186 A. 415; *Schubert v. Oswald*

*& Hess Co.*, 161 Pa. Superior Ct. 309, 54 A. 2d 113; *Harris v. Meyers*, 160 Pa. Superior Ct. 607, 52 A. 2d 375.

The claimant testified that before the accident the deceased was "in good health, perfect", that "he was never sick", that when brought home after the accident, he "was changing white and looked like he was going to faint . . . he was cold and nervous and I called the doctor". The doctor, Dr. Damiani, testified: "On examination I found a painful swelling of the right ankle and foot and because of the swelling I wasn't able to determine whether he had a fracture or not . . . He was also pretty well shaken up . . . he said he fell down the steps. . . . His general condition was good with the exception that he had some shock and signs of shock . . . I saw him every other day. On the sixth day after this accident he began to show signs of shortness of breath and swelling in the other leg", which are "symptoms of a cardiac decompensation"; that "the injury was the contributing factor to the symptoms" because "In a good many cases of shock there is a disturbance about the circulatory system and the heart . . . and eventually it becomes defective due to the fact that the blood volume has been lessened and because of the disturbances of circulatory system there is a congestion of the liver and the kidneys that takes place" and "that it what happened in this case". Dr. Damiani "instituted treatment for a beginning of a heart failure . . . cardiac decompensation" and continued this treatment until July 26, 1945, when the patient was removed to the hospital where he died the following day.

Dr. Pierson, an impartial medical expert on heart diseases, appointed by the board to "review the entire record and testify thereafter, subject to cross-examination, as to his conclusions and opinion with respect to the relationship between the decedent's accidental injury on June 16, 1945 and his death on July 27, 1945", testified: "After completely reviewing the record, I have reached the independent opinion that T. J. Premaza died

on July 27, 1945, of cardiac decompensation and that the accident sustained on June 16, 1945, was the cause of his disability and a contributing factor in his death." Dr. Pierson's expressed opinion that the deceased's death resulted from the accident is positive and unequivocal and, although it *may* have been somewhat weakened on cross-examination, the weight of his testimony was for the finders of fact. From our examination of the record, we agree with the conclusion of the learned court below: "It may be that certain statements of Dr. Pierson, if taken alone, reveal an improper basis for an opinion, but an analysis of his entire testimony convinces us that his opinions were based on facts established by the record. Further, . . . the award was sustained, not upon Dr. Pierson's testimony alone but on the testimony of the attending physician and then only after the Board reviewed the entire record, reconciling conflicts, rejecting testimony and accepting other as it had the right and duty to do."

The findings of fact are sustained by competent and substantial evidence and are, therefore, conclusive. *Kelemon v. Reiber,* 161 Pa. Superior Ct. 169, 53 A. 2d 903.

Judgment affirmed.