Argued November 16, 1949.
In this occupational disease case two facts were incontrovertibly established: first, claimant's husband died of lobar pneumonia; and second, he had been exposed to a silica hazard and had contracted silicosis. The compensation authorities were required to decide whether his death was "caused primarily (as definitely distinguished from a contributory or accelerating cause) by silicosis," within the meaning of the Act of July 2, 1937, P. L. 2714, § 5(b), 77 P. S. § 1105. Twice the referee disallowed the claim. In the first instance the board vacated his order and appointed an impartial physician. On the second appeal the board reversed the referee, found that "the immediate cause of death was lobar pneumonia but that the primary cause of death was *Page 144 
third stage silicosis," and awarded compensation. The court below affirmed. The employer and the Commonwealth appealed. In this Court the question is whether the finding of the board is supported by substantial competent evidence.
There is virtually no dispute about the basic facts. Mr. Safin had been employed as a motor operator and coal loader in the employer's mines since 1914 and was there exposed to a silica hazard. About three years before his death he developed a cough and shortness of breath, but he continued at work until March 31, 1939. Two days later he became ill, and on April 10, 1939, his attending physician sent him to a hospital "with the diagnosis that he was developing pneumonia." He died April 20, 1939, and the immediate cause was pneumonia. An autopsy revealed the silicosis.
The conflicts occurred in the medical testimony. Four physicians, including one called by claimant and also the impartial expert, testified that the primary cause of death was pneumonia with the silicosis a contributory factor. Dr. C. Howard Marcy, the impartial physician, testified that the type of pneumonia which attacked the deceased "is a specific infection and is not definitely related to silicosis. There is no reliable medical information that silicosis per se produces any susceptibility to pneumonia."
For the claimant Doctors Fetterhoff and Alpern testified that silicosis was the primary cause of the death, and the board, resolving the conflict, accepted parts of their testimony. Their testimony, however, is open to the same critical objection which this Court made to the medical witnesses inStauffer v. Hubley Mfg. Co., 151 Pa. Super. 322, 324,30 A.2d 370, (allocatur refused, 151 Pa. Super. xxiii): "But a reading of their testimony shows that they did not understand what was meant by the phrase `total disability or *Page 145 
death caused primarily — as distinguished from a contributory or accelerating cause — by silicosis,' as used in the Act of 1937."
Dr. Fetterhoff, like Dr. Boughton in the Stauffer case, defined primary cause as the "underlying factor", and concluded that the deceased died primarily of silicosis because "the pneumonia placed an additional burden on his lungs to such an extent that death ensued, . . . pneumonia was an accelerating condition . . . it was the final blow that really caused his death." He would not agree that pneumonia was the immediate cause of death, calling pneumonia the terminal or ending condition. (The board did not accept this part of his testimony; it specifically found that pneumonia was the immediate cause of death.) The tenor of his answers on cross-examination indicated that actually the characteristic effect of the silicosis was to reduce the employe's power to resist the attack of pneumonia.
Dr. Alpern's testimony followed the same pattern. He testified in chief that silicosis complicated by terminal pneumonia caused the death, but his cross-examination revealed that his statement on direct examination meant no more than that the silicosis had diminished or lessened deceased's power to resist a disease.
Although they testified that silicosis was the primary cause of death, it is altogether clear that their opinions rested wholly upon the circumstance that the employe's silicotic condition reduced his power of resistance so that he could not combat the additional pneumonic burden. They did not deny that pneumonia is a germ disease, and that it bears no relation to silicosis. They did not testify that silicosis causes pneumonia, or that the deceased's silicosis produced or brought about the pneumonia. His silicosis was, according to a fair reading of their testimony, only a weakening process, an accelerating, a contributory, a complicating, a secondary, *Page 146 
and, notwithstanding their positive assertions, not the primary cause of the death. "A silicotic condition that merely contributes to death along with other cooperating infirmities, or which simply serves to aggravate a pre-existing disease or state of physical weakness into fatal consequences would not be sufficient to sustain an award under the Act." Treaster v.North American Refractories Co., 156 Pa. Super. 567, 572,41 A.2d 53.
Claimant's main reliance is the Treaster case, but it and the other cases which she cites do not support her claim. In theTreaster case pulmonary silicosis was the active agency which terminated decedent's life and brought about the coughing spasm which so strained his weakened valvular heart condition as to cause his death. In Roschak v. Vulcan Iron Works, 157 Pa. Super. 227,42 A.2d 280, death was "predominantly" caused by anthraco-silicosis and tuberculosis played only a very small part. In Anderson v. Schroeder Monumental Works,159 Pa. Super. 620, 49 A.2d 631, the inhalation of tetryl powder merely irritated and hastened death, which was inevitable because of the silicotic condition, but such inhalation was only a passive factor and did not deprive the silicosis of its character as the sole producing cause of death. In Oskin v. Wheeling Steel Corp., 162 Pa. Super. 568,60 A.2d 424, although claimant had arthritis the consensus of the medical testimony was that his total and permanent disability was due to silicosis. In Holahan v. BergenCoal Co., 164 Pa. Super. 177, 63 A.2d 504, the immediate cause of death was a coronary embolism which had been producedby anthraco-silicosis.
This appeal is ruled by the Stauffer case, supra. True, that case was an adjudication under the Act of June 21, 1939, P. L. 566, § 301(e), 77 P. S. § 1401, wherein "solely" was substituted for "primarily." However, the *Page 147 
case had been tried before the referee as though the Act of 1937 were applicable, and the opinion declares the principles that apply to both "solely" and "primarily." There the employe contracted silicosis while employed as a moulder. He died as a result of a streptothricial infection. Claimant's medical witnesses testified that the silicosis from which the claimant's husband suffered, although not the immediate cause, was the primary cause of his death. Reversing an award for compensation, this Court defined primary and immediate cause, and held (p. 325): "Where the primary cause and the immediate cause are not the same, in order to be the primary cause of the death it must have produced or brought about the immediate cause which resulted in the death." Here the board found that the immediate cause was pneumonia and that the primary cause was silicosis. Thus, the primary cause and the immediate cause were not the same, and the board did not and could not find from the evidence that what it called the primary cause, silicosis, produced or brought about the immediate cause, pneumonia, which resulted in the death.
The most that claimant's medical witnesses established is that the silicosis lowered the deceased's vitality and powers of resistance and rendered him less able to combat a germ disease, and that was the cause of his death. Under theStauffer case that testimony will not sustain an award. Accordingly, there is no competent evidence to support the board's finding that silicosis was the primary cause of death. As silicosis does not generate pneumonia, its presence in rendering a debilitated system less able to withstand an unrelated disease does not create liability under the Occupational Disease Compensation Act, and compensation must be denied.
The judgment is reversed, and is here entered for the appellants. *Page 148