## Segs *v.* Consumers Mining Company et al., Appellants.

Argued April 12, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Karl E. Weise,* with him *Ralph H. Behney,* General Counsel, *M. L. Tolochko, T. McKeen Chidsey,* Attorney General, *S. H. Torchia,* Assistant Counsel and *Hirsch & Shumaker,* for appellants.

*Samuel Krimsly,* for appellee.

OPINION BY RENO, J., July 20, 1950:

In this occupational disease case claimant was awarded compensation for total disability as a result of silicosis. Twice the referee disallowed the claim. In the first instance the board remanded the case for the purpose of determining the date of total disability. After hearing the referee again dismissed the claim. On appeal the board set aside his findings, and found: (1) Claimant had been engaged in an occupation having a silica hazard within The Pennsylvania Occupational Disease Act of

June 21, 1939, P. L. 566, as amended, 77 P. S. §1201, et seq.; and (2) claimant became totally disabled on July 9, 1946. The court below affirmed the board's decision. The employer, its insurance carrier, and the Commonwealth appealed.

The right of the board to substitute its findings for those of the referee with or without taking additional testimony is not challenged. *Kenny v. Esslinger's Brewery,* 161 Pa. Superior Ct. 451, 55 A. 2d 554.

The only question before us is whether there is sufficient competent evidence to support the findings. Defendants offered no testimony. As the compensation authorities found in favor of claimant, the evidence must be reviewed in the light most favorable to him, and he receives the benefit of inferences reasonably deducible therefrom. *Lambing v. Consolidation Coal Co.,* 161 Pa. Superior Ct. 346, 54 A. 2d 291; *Premaza v. Hanze,* 163 Pa. Superior Ct. 412, 61 A. 2d 773.

Claimant was employed as a coal miner for over thirty years. He worked for the defendant from 1924 to 1926, returned to its employ in 1936, and for the first year and a half worked as a jack hammer operator, drilling through sand rock. In explaining the dust created by the drilling he testified: "it was white rock dust" and "[i]t was so dusty that you could hardly see where you were at."[1] From 1938 until June 2, 1945 he worked as a coal loader. These duties also required him to drill through sulphur and coal with a hand drill. He was compelled to enter a room immediately after "the shots [of powder] were fired", and while it was still filled with coal and sulphur dust. Furthermore, in order to get in and out of the mine it was necessary for claimant to ride on a "motor" which used sand on the wheels

---

[1] Claimant admittedly was exposed to a silica hazard during this one and a half year period, and the referee inferentially so found.

and rails for traction, thereby creating considerable dust. This method of travel took thirty minutes each way and was used during his entire period of employment. Claimant also produced uncontradicted medical testimony to the effect that his disability was entirely silicotic. The physician testified that "he had sufficient exposure in the soft coal mines to cause the condition which I diagnosed as silicosis."

From this evidence the board inferred the presence of a silica hazard, and that claimant had been exposed to it for at least four years in the Commonwealth of Pennsylvania during the period of eight years next preceding the date on which he became totally disabled. Act, supra, §301, as amended, 77 P. S. §1401(d). The record amply supports the board's conclusion. *McGarvey v. Butler Coal Co.*, 157 Pa. Superior Ct. 353, 43 A. 2d 623; *Oskin v. Wheeling Steel Corp.*, 162 Pa. Superior Ct. 568, 60 A. 2d 424. Cf. *Hurtuk v. H. C. Frick Coke Co.*, 157 Pa. Superior Ct. 317, 43 A. 2d 559, where there was no testimony concerning the existence of a silica hazard.

Defendants' second contention is that claimant was either totally disabled on June 2, 1945, the date when he quit work, and therefore his claim petition of July 17, 1946 was not filed within the one-year statutory period; or that he was only partially disabled on July 9, 1946, the date when the board found claimant became totally disabled, and therefore not entitled to compensation under the Act.

Partial disability due to silicosis is not compensable, and only in the case of total disability or death is compensation awarded.[2] Act, supra, §301, as amended, 77 P. S. §1401(e); *Hurtuk v. H. C. Frick Coke Co.*, supra. The statute of limitations starts to run on the date of

---

[2] In his seventh finding of fact the referee erroneously found the one year period of limitation commenced at the time of partial disability.

total disability. *Holahan v. Bergen Coal Co.,* 164 Pa. Superior Ct. 177, 63 A. 2d 504. Appellants do not dispute these principles but argue that the medical testimony reveals no difference between the results of the two examinations, and that there is no basis for the conclusion that claimant was only partially disabled in 1945 and totally disabled one year later.

Claimant testified he stopped work at the mine on June 2, 1945 because he was short of breath. He remained at home for three months and then sought lighter work but none was available. Claimant has not been employed in any capacity since June 2, 1945. Dr. Edward Lebovitz, a specialist in diseases of the chest, first examined claimant July 3, 1945 and took x-ray films. He testified claimant then had the earmarks of advanced silicosis, but it was his opinion that the man could still work. It was not until the second examination on July 9, 1946, that Dr. Lebovitz concluded claimant was permanently and totally disabled. The doctor stated that after this latter examination he found extensive evidence of mottling in both sides, that claimant's chest expansion was more restricted, had more physical complaints, and was more dyspneic than when he was first examined. In substance Doctor Lebovitz concluded that the intervening year caused a progression of the fibrosis in the lungs from silicosis.[3]

Claimant has met his burden of proof and has presented the elements necessary to support an award. The credibility of the witnesses and the weight to be given

---

[3] Dr. McNally in his book on Medical Jurisprudence and Toxicology says (p. 349) : "The most usual symptoms [of silicosis] are slight shortness of breath on exertion, nonproductive cough, and recurrent colds . . . Later on, the outstanding symptom is dyspnea . . . as the fibrosis increases and reduces the lung ventilation, the symptoms become more marked . . . The chest-expansion is notably decreased . . . The symptoms increase in severity as the disease progresses."

their testimony is for the compensation authorities. *Jaloneck v. Jarecki Mfg. Co.*, 157 Pa. Superior Ct. 609, 43 A. 2d 430. In our opinion there is sufficient competent evidence in the record to sustain the board's findings and consequently they are conclusive. *Mihalik v. Lattimer Coal Corp.*, 162 Pa. Superior Ct. 450, 58 A. 2d 368; *Mosley v. Jones & Laughlin Steel Corp.*, 155 Pa. Superior Ct. 598, 39 A. 2d 161, (allocatur refused, Id. xxiv).

Judgment affirmed.