Millcraft Corporation, Petitioner *v.* Workmen's Compensation Appeal Board and Albert L. Franko, Respondents.

Argued March 7, 1977, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

James R. Miller, with him Noble R. Zuschlag, and Dickie, McCamey & Chilcote, for petitioner.

C. Jerome Moschetta, with him James N. Diefenderfer, and Mary Ellen Krober, Assistant Attorney General, for respondents.

OPINION BY JUDGE MENCER, July 28, 1977:

Millcraft Corporation (Millcraft) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of benefits to Albert L. Franko. Benefits were awarded for permanent and total disability resulting from an occupational disease as defined in Section 108(n) of The Pennsylvania Workmen's Compensation Act[1] (Compensation Act).

Between 1929 and 1971 Franko spent about 11 years welding for various employers. In 1971 he was employed by Millcraft, where he worked continuously as a welder until March of 1974. During his employ-

---

[1] Act of June 2, 1915, P.L. 736, as amended, added by the Act of October 17, 1972, P.L. 930, §1, 77 P.S. §27.1(n). Section 108(n) defines occupational disease as including "[a]ll other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population. For the purposes of this clause, partial loss of hearing in one or both ears due to noise; and the diseases silicosis, anthraco-silicosis and coal workers' pneumoconiosis resulting from employment in and around a coal mine, shall not be considered occupational diseases."

ment with Millcraft, Franko utilized different electrodes through which a variable current flowed and from which various melted filler elements were deposited on the metal welded. Franko stood immediately over the electrode when an arc was struck between it and the metal to be welded, and he would be continuously exposed to the thick smoke which was always produced by the process.

When Franko felt that the smoke had gotten the best of him and that he could not carry on any more because of extreme shortness of breath, he quit work. Subsequently, he consulted a pulmonary disease specialist, Dr. J. D. Silverman, who informed Franko that, in his opinion, Franko was totally and permanently disabled on the basis of arc welders' pneumoconiosis and chronic asthmatic bronchitis, which occurred as a result of Franko's total and cumulative exposure to dust as an arc welder in several jobs. Dr. Silverman also opined that the bronchitis was causally related to Franko's exposure to fumes when he worked in a chemical plant. A second specialist, to whom he was sent by Millcraft, completely concurred with Dr. Silverman's diagnosis.

Frank filed a claim petition. A referee, after taking evidence, awarded benefits to Franko under Section 108(n) of the Compensation Act. When the Board affirmed the award, Millcraft appealed to this Court. We affirm.

Millcraft generally contends that certain findings of the referee are not supported by competent evidence. Concomitantly, it asserts that, because the award under Section 108(n) was based on those facts, it is erroneous. Essentially, Millcraft seeks to have us declare that there is not substantial evidence to support findings that Franko was exposed to a hazard, that such hazard was related to the disease of arc welders' pneumoconiosis, and that the disease arose

out of and in the course of Franko's employment with Millcraft. Additionally, Millcraft suggests that, because his disability was partly attributable to conditions which arose out of Franko's employment elsewhere, an award against Millcraft under Section 108 (n) is improper.

Our scope of review here, where the Board did not take additional evidence, is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or a necessary finding of fact was not supported by substantial evidence. *Imperial Foods Products v. Tomarelli*, 28 Pa. Commonwealth Ct. 150, 367 A.2d 732 (1977). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Workmen's Compensation Appeal Board v. Auto Express, Inc.*, 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975).

Initially, we note that the applicable law is set forth and discussed fully in *Fruehauf v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 341, 376 A.2d 277 (1977) which deals with almost identical issues. It will not be repeated here. We need only add that, as a remedial statute, the Compensation Act is due liberal construction. *Industrial Services Contracting, Inc. v. Wilson*, 28 Pa. Commonwealth Ct. 83, 367 A.2d 377 (1977) (hereinafter *ISC*). Accordingly, a liberal attitude toward inferences which may properly be drawn from the evidence is contemplated. *See McGarvey v. Butler Consolidated Coal Co.*, 157 Pa. Superior Ct. 353, 43 A.2d 623 (1945).

We hold that substantial evidence supports a finding that arc welders' pneumoconiosis was a hazard of Franko's employment and that he was exposed to it. Both pulmonary disease specialists identified the dust engendered by arc welding as the causative factor of the disease. Franko described the arc-striking process

which created the dust. In lieu of a statutory requirement of greater specificity, we cannot say that the description of the causative factors was unreasonable or insufficient, especially considering the variety and complexity of the materials involved. *Fruehauf, supra.* Franko further explained that thick smoke and dust were always produced by the process and that he was constantly exposed to them while welding for Millcraft. Because there is relevant evidence reasonably identifying and describing the causative factors of arc welders' pneumoconiosis, showing such factors to be significantly present and demonstrating that Franko was exposed to those factors, there is substantial evidence to support a finding that Franko was exposed to the hazard of the disease in his employment with Millcraft.

We further conclude that Franko adduced substantial evidence to support a finding that the disease arose out of and in the course of his employment with Millcraft. We have already concluded that a finding that Franko was exposed to the hazard of arc welders' pneumoconiosis in his employment with Millcraft was proper. Because the compensation authorities could permissibly infer that the occupational disease was a hazard at the particular place where Franko was employed, the compensation authorities could also properly find that the disabling disease arose out of and in the course of Franko's employment with Millcraft. *Fruehauf, supra; see* Section 301(c) of the Compensation Act, 77 P.S. §411; *cf. McGarvey, supra* (claim under The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq. (Disease Act)); *Metz v. Quakertown Stove Works,* 156 Pa. Superior Ct. 70, 39 A.2d 534 (1944) (claim under the Disease Act).

Finally, Millcraft seems to argue that an award under Section 108(n) of the Compensation Act is im-

proper because Franko's disability comes from a variety of conditions, not all of which satisfy the requirements of that subsection. We recently rejected the same argument in *ISC, supra.* There we concluded that the award could be sustained solely on the basis of the claimant's exposure to the hazard of arc welders' pneumoconiosis. Reasoning from the language in Section 301 (c) (2) of the Compensation Act, 77 P.S. §411(2),[2] we stated:

> ISC is solely liable for claimant's total disability because it subjected him to a hazard which contributed to that disability. Such a statement takes into account the current state of medical science, which cannot apportion an insidious disease such as pneumoconiosis among its several causative factors, and the liberal interpretation due statutes such as the Compensation Act which are remedial in nature.

28 Pa. Commonwealth Ct. at 89, 367 A.2d at 380-81.

We are compelled to make the same statement here with regard to Millcraft.

---

[2] Section 301(c)(2) provides in pertinent part:

The terms 'injury,' 'personal injury,' and 'injury arising in the course of his employment,' as used in this act, shall include, unless the context clearly requires otherwise, occupational disease as defined in section 108 of this act [77 P.S. §27.1] . . . . The provisions of this paragraph (2) shall apply only with respect to the disability or death of an employe which results in whole or in part from the employe's exposure to the hazard of occupational disease after June 30, 1973 in employment covered by The Pennsylvania Workmen's Compensation Act. [77 P.S. §1 et seq.] The employer liable for compensation provided by section 305.1 [77 P.S. §411.1] or section 108, subsections (k), (*l*), (m), (o), (p) or (q), [77 P.S. §27.1(k), (*l*), (m), (o), (p) or (q)] shall be the employer in whose employment the employe was last exposed for a period of not less than one year to the hazard of the occupational disease claimed.

Having found no merit in Millcraft's contentions, we enter the following

ORDER

AND Now, this 28th day of July, 1977, the appeal of Millcraft Corporation is hereby dismissed, and the order of the Workmen's Compensation Appeal Board, dated July 15, 1976, is affirmed. Accordingly, it is ordered that judgment be entered in favor of Albert L. Franko and against Millcraft Corporation and Valley Forge Insurance Co., in the amount of $100 per week, beginning January 2, 1975 and continuing until such time as disability changes in nature or extent or ceases and terminates, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

In addition, Millcraft Corporation and Valley Forge Insurance Co. are directed to pay the following reasonable costs by reimbursement to claimant's counsel:

Dr. J. D. Silverman
    Examination and deposition     $225.00
Newanna M. Templeton
    Stenographer for deposition     75.00

Millcraft Corporation and Valley Forge Insurance Co. are further directed to pay approved attorney's fees of $1,350 directly to claimant's counsel, C. Jerome Moschetta, Esquire, from the first lump sum amount due. All remaining compensation, together with interest, is to be paid directly to Albert L. Franko.