Scranton Garment Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Anthony Crapella, Respondents.

Argued October 7, 1977, before Judges ROGERS and BLATT, sitting as a panel of two.

*John R. Lenahan, Jr.*, with him *John R. Lenahan, Sr.*, and *Lenahan, Dempsey & Murphy*, for petitioner.

*Gene E. Goldenziel*, with him *John J. Scott*, and *James N. Diefenderfer*, for respondents.

OPINION BY JUDGE BLATT, December 28, 1977:

The Scranton Garment Co. (employer) appeals here from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision awarding compensation for total disability to Anthony Crapella (claimant) because of an occupational disease.

The claimant worked for the employer for a period of thirty-six years as a presser. In the course of his duties, he worked with various types of cloth and ma-

terial including cotton, wool, reprocessed wool and acetate, and the area where he worked was poorly ventilated, air being continually filled with dust which included fibers of the materials with which the claimant worked. After experiencing various pulmonary problems, the claimant left his employment and filed an application for benefits under the occupational disease provisions of The Pennsylvania Workmen's Compensation Act[1] (Act). His application described his disease as "[b]yssinosis, pulmonary fibrosis and emphysema" and indicated that benefits were sought under Sections 108(n) and 108(p) of the Act, 77 P.S. §§27.1(n), 27.1(p). After several hearings, the referee found that the claimant was totally disabled because of a chronic obstructive pulmonary disease and awarded compensation. The Board affirmed the referee's decision and the employer has appealed to this Court.

Section 427 of the Act, 77 P.S. §876.1, provides that this Court's scope of review in workmen's compensation appeals is that defined in Section 44 of the Administrative Agency Law,[2] 71 P.S. §1710.44, and so limits us to a determination of whether or not an error of law was committed, constitutional rights were violated, or findings of fact necessary for the adjudication are unsupported by substantial evidence. The employer argues here that the referee's decision is unsupported by substantial and competent evidence. Our review in this case, however, is greatly hindered by inadequate findings of fact.

We must first of all determine under which section benefits were awarded. The referee made the following finding:

5. On March 5, 1975 the claimant became totally disabled due to chronic obstructive pul-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

[2] Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.1 et seq.

monary disease, mainly of a chronic bronchial asthmatic type. This disease is the result of exacerbation in claimant's occupation involving direct contact with, handling of, or exposure to cotton dust, cotton materials, or cotton fibers. He was so exposed in his employment by the defendant from 1938 to November 8, 1974, including his employment from July 1, 1973 to November 8, 1974.

The claimant's application indicated that benefits were being sought under Sections 108(n) and 108(p) of the Act, 77 P.S. §§27.1(n), 27.1(p), and Section 108(p) defines as an occupational disease:

(p) Byssinosis in any occupation involving direct contact with, handling of, or exposure to cotton dust, cotton materials, or cotton fibers.

Although, therefore, the finding states that the claimant was exposed to the hazard indicated in Section 108(p), it does not say that the claimant has byssinosis. We believe that he was awarded compensation under the omnibus section of the occupational disease provisions of the Act, Section 108(n),[3] but, our review of the referee's findings indicates the absence of a finding required under Section 108(n).

It should be noted that Section 108(n) contains three requirements: (1) the claimant must be exposed

---

[3] Section 108(n) of the Act, 77 P.S. §27.1(n), provides as follows:

(n) All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population. For the purposes of this clause, partial loss of hearing in one or both ears due to noise; and the diseases silicosis, anthraco-silicosis and coal workers' pneumoconiosis resulting from employment in and around a coal mine, shall not be considered occupational diseases.

to a disease by reason of his employment, (2) the claimant must demonstrate that the disease is causally related to the claimant's industry or occupation, and (3) the incidence of the disease must be substantially greater in the industry or occupation than in the general population. To sustain an award under this section, the claimant must satisfy each requirement,[4] but our review of the referee's findings indicates no finding in connection with the third requirement, *i.e.*, whether or not the incidence of the claimant's disease is substantially greater in his industry or occupation than in the general population. When the fact-finder in an administrative proceeding is required to set forth his findings in an adjudication, that adjudication must include all findings necessary to resolve the issues raised by the evidence and which are relevant to a decision. *Page's Department Store v. Velardi,* 464 Pa. 276, 287, 346 A.2d 556, 561 (1975). Because the fact-finder here failed to make this essential finding of fact, a remand is necessary. *Dunlap v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 19, 26, 330 A.2d 555, 558 (1975).

The order of the Board is therefore vacated and this case is remanded to the Board for further proceedings consistent with this opinion.

## ORDER

AND Now, this 28th day of December, 1977, the order of the Workmen's Compensation Appeal Board dated September 2, 1976 and docketed at number A-71460 is hereby vacated and the case remanded for further proceedings consistent with this opinion.

---

[4] The evidence a claimant must present to qualify for compensation under Section 108(n) is ably discussed by Judge MENCER in the recent cases: *Freuhauf Corp. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 341, 376 A.2d 277 (1977), and *Millcraft Corp. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 322, 376 A.2d 283 (1977).