County of Allegheny, Petitioner *v.* John Gallo, Respondent.

Argued December 3, 1979, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Paul T. Grater,* with him, *R. L. McMillan* and *Louis A. Raimond,* for petitioner.

*Amiel B. Caramanna, Jr.,* with him, *Alexander J. Pentecost,* for respondent.

OPINION BY JUDGE MENCER, February 29, 1980:

The narrow issue presented by this workmen's compensation appeal is whether a doctor's testimony that the incidence of chronic obstructive lung disease and interstitial fibrosis is *greater* in the automotive body repair industry than in the general population satisfies the third requirement of Section 108(n) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, 77 P.S. §27.1(n). We hold that it does not and therefore reverse the order of the Workmen's Compensation Appeal Board granting benefits to John Gallo (claimant).

To receive benefits for an occupational disease under the Act, "a claimant must show, *inter alia,* that he suffers from a disease as defined in Section 108 and that the disease arose out of and in the course

of his employment." *Fruehauf Corp. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 341, 344, 376 A.2d 277, 279 (1977). Moreover, where a claimant's condition is not one of those occupational diseases specifically enumerated in Section 108 of the Act, claimant must meet the requirements of subsection (n) which provides:

The term 'occupational disease,' as used in this act, shall mean only the following diseases.

. . . .

(n) All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is *substantially greater* in that industry or occupation than in the general population. (Emphasis added.)

*See Fruehauf, supra.*

There is no question that claimant has met his burden with regard to the first two requirements of Section 108(n). In an attempt to comply with the third, however, claimant presented the following testimony of Dr. A. Nathan Alpern, claimant's examining physician:

Q. Doctor, I would like you to compare two segments of the population. One is people who work in body shops and are exposed to plastic dust and enamel and the other is the general population as a whole. Is the incidence of chronic obstructive lung disease and interstitial fibrosis substantially greater in the people who work in body shops than in the general population? A. *I can't give you the exact percentages, but it is greater.* Q. It is greater

you said? A. Yes. Q. *Would you say sub-stantially greater?* A. *Well, I can't give you the exact percentages, but it is greater.* Especially in the individual who might be very sensitive to these. Q. Have you ever examined anybody in the past who developed lung problems from breathing these materials in? A. Oh, yes. Q. Did they work in— A. In fact, a lot of people it doesn't even have to take body shops. A lot of people who have a tendency to be allergic cannot even tolerate the ordinary paint that you would paint in an office or a house with. Because the air is heavier. It has these irritants in it and this sets up a reaction. Q. Doctor, I hate to be repetitious. You said that the incidence is greater? A. Yes. Q. *Is it much greater or slightly greater?* A. *I don't have any percentages that I could give you to back that up, but it is greater.* (Emphasis added.)

Although we do not expect a claimant's expert to utilize the exact words of Section 108(n) when testifying, in view of Dr. Alpern's repeated refusal to commit himself on whether the incidence of claimant's condition was *substantially* greater in the auto body repair industry than in the public at large and the clear mandate of Section 108(n) that something more than a greater incidence of disease in a particular industry is needed to support a finding of an *occupational* disease, we must hold that claimant failed to meet his burden on the third requirement. While we recognize that the Act is to be liberally construed to effect its remedial purpose, *Millcraft Corp. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 322, 376 A.2d 283 (1977), to do so here would, in effect, judicially amend the Act by deleting the term "substantial" from Section 108(n).

Accordingly, we enter the following

ORDER

AND Now, this 29th day of February, 1980, the order of the Workmen's Compensation Appeal Board, dated May 10, 1979, is hereby reversed, and the claim petition of John Gallo is dismissed.

President Judge BOWMAN and Judge DISALLE did not participate in the decision in this case.