Rochester & Pittsburgh Coal Co. and Old Republic Companies, Petitioners *v.* Workmen's Compensation Appeal Board (Levitz), Respondents.

Argued November 16, 1983, before Judges WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Paul E. Sutter, Hirsch, Weise & Tillman,* for petitioners.

*David J. Tulowitzki, Pawlowski, Long, Creany & Tulowitzki,* for respondents.

OPINION BY JUDGE MACPHAIL, January 24, 1984:

Rochester & Pittsburgh Coal Co. (Employer) appeals from the order of the Workmen's Compensation Appeal Board (Board) dated October 14, 1982, which affirmed the referee's award of compensation for partial disability to John Levitz (Claimant) and dismissed the Employer's appeal.

The Employer alleges here, as it did before the Board, that the referee's finding of fact that Claimant first knew of his disability on August 20, 1980, is not supported by substantial evidence and that the referee erred as a matter of law in failing to make a specific finding as to when Claimant, by the exercise of reasonable diligence, should have known of the existence of his disability and its possible relationship to his employment. *See* Section 311 of The Pennsylvania Workmen's Compensation Act (Act),[1] which sets forth the time limitations for giving notice to an employer regarding a work-related injury or an occupational disease.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §631. Section 311 states:

*Unless the employer shall have knowledge of the occurrence of the injury,* or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, *in cases of injury resulting from* ionizing radiation *or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know,* of the existence of the injury and its possible relationship to his employment. The term "injury" in this section means, in cases of occupational disease, disability resulting from occupational disease. (Emphasis added.)

The record shows that Claimant was employed in the coal mining industry for thirty-one years. The referee found from the medical testimony and evidence that Claimant was partially disabled from coal workers' pneumoconiosis, an occupationally acquired lung disease. Claimant testified that he had not worked since 1976, and that he had received an award of federal black lung benefits on June 18, 1980. He further testified on direct examination as follows:

Q: Did you then get a letter from the United Mine Workers dated August 20th, 1980 advising you that Doctor Klemens found you to be disabled?

A: Yes.

Q: And, were you advised to come up to the Union Office and file a state claim for compensation benefits?

A: Yes.

Q: When did you first know that you were entitled to file such a claim?

A: Well, when I had my hearing in May. Then in June I got the notice that I had black lung.

. . . .

Q: When did you first know that you might be able to file a claim for benefits. . . . The state benefits?

A: In August.

Q: Is that August 20th?

A: Mm-mm.

This is the only evidence of record regarding the August 20, 1980 date. We cannot find it to be substan-

tial evidence to support the referee's finding, that Claimant first knew of his disability on August 20, 1980.[2]

The referee in the case *sub judice* made no finding regarding when Claimant should have known by exercise of reasonable diligence of the existence of his disability and its possible relationship to his employment. Where there is evidence of record that Claimant "may have acquired such knowledge from which a referee could find that Claimant *should have known* of his disability from an occupational disease and its causal relationship to his employment, a finding by the referee of when Claimant *should have known* these matters is necessary for our review." *Arcadia Coal Co. v. Workmen's Compensation Appeal Board,* 79 Pa. Commonwealth Ct. 148, 153, A.2d , (1983) (emphasis in original). The record here contains evidence from which a referee could perform his statutory duty. The referee having failed to make an essential fact-finding, the reviewing Court must remand the case so that the error may be cured. *Scranton Garment Co. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 190, 194, 381 A.2d 210, 212 (1977).

For the reasons given above, we reverse the decision of the Board and remand for further fact-finding regarding when Claimant should have known of his disability resulting from an occupational disease which was causally related to his employment and

---

[2] "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 492 Pa. 1, 5, 421 A.2d 1060, 1062 (1980). Although Claimant may have first become aware of his eligibility to file for state compensation benefits on August 20, 1980, this is not the knowledge which triggers the running of the statutory time for giving notice.

when, if relevant, the Employer first had knowledge of Claimant's disability resulting from occupational disease.

ORDER

The order of the Workmen's Compensation Appeal Board at Docket No. A-81499 dated October 14, 1982 is hereby reversed and the case is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.