Eugene Berry, Petitioner *v.* Workmen's Compensation Appeal Board (General Tire and Rubber Company), Respondents.

Argued October 15, 1984, before Judges WILLIAMS, JR., MACPHAIL and BARBIERI, sitting as a panel of three.

*Lee C. Swartz, Hepford, Swartz, Menaker & Morgan,* for petitioner.

*Dennis N. Persin, Stewart, Belden, Herrington & Belden,* for respondents.

OPINION BY JUDGE WILLIAMS, JR., November 15, 1984:

In this workmen's compensation appeal the question presented is whether a physician's testimony that granulomatous liver disease occurs "much more commonly" in the rubber industry than in the general population satisfies the statutory requirement that the disease incidence be "substantially greater in that industry or occupation than in the general population." Section 108(n)(3) of The Pennsylvania Workmen's Compensation Act (Act).[1]

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, 77 P.S. §27.1(n)(3).

For twenty-two years Eugene Berry (claimant) mixed large batches of chemicals necessary to the manufacture of rubber products by General Tire and Rubber Company. Mr. Berry ceased working for health reasons on June 27, 1977, and was later diagnosed as having granulomatous liver disease, which is a toxic liver condition. Claimant filed a claim petition for total disability benefits on June 21, 1979.

Because granulomatous liver disease is not one of the specifically enumerated occupational diseases under Section 108, claimant's proof must satisfy the three requirements of subsection (n) which state:

> The term "occupational disease," as used in this act, shall mean only the following diseases.
>
> . . . .
>
> (n) All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) *the incidence of which is substantially greater in that industry or occupation than in the general population.* (Emphasis supplied.)

The referee awarded compensation upon finding, among other things, that granulomatous liver disease totally disabled the claimant on October 28, 1980, and that the disease incidence was substantially greater in claimant's rubber-manufacturing occupation than in the general populace. Without taking additional evidence the Workmen's Compensation Appeal Board (board) reversed because "[n]o evidence was presented to the effect that the incidence of [c]laimant's disease was substantially greater in his industry than in the general population."

Claimant argues that the following cross-examination testimony of Dr. Frank E. Sessoms, claimant's examining physician, satisfies the "substantially greater" requirement of Section 108(n)(3):

Q. Is [granulomatous liver disease] common to the general public?

. . . .

A. No, its not common to the general public?

Q. Its not common to the general public?

A. No.

Q. Is it more common in any particular industry or occupation than it is to individuals in the general population?

A. I would have to say, yes, in the sense, if you worked in a distillery, worked in a chemical industry where they made all kinds of chemicals, the rubber industry, or places like that, in the pesticide industry, those are places you would see it *much more commonly* than otherwise. (Emphasis supplied.)

When testifying about the comparative incidence of disease under Section 108(n)(3), an expert witness is not required to parrot the statutory language by uttering the talismanic words "substantially greater." *County of Allegheny v. Gallo,* 49 Pa. Commonwealth Ct. 506, 411 A.2d 877 (1980). The referee accepted as credible Dr. Sessoms' competent testimony that claimant's toxic liver disease occurred *"much more commonly"* in the rubber industry than in the general population. We believe that Dr. Sessoms' above-quoted testimony constitutes substantial evidence which is supportive of the referee's finding that the incidence of toxic liver disease is substantially greater in the rubber-manufacturing occupa-

tions or industry than in the general population. We thus hold that claimant has satisfied all of the requirements of Section 108(n).

Claimant next argues that his total disability began on June 27, 1977, the day he left employment for health reasons, rather than October 28, 1980, the total disability commencement date determined by the referee. Claimant's argument, which was raised on appeal from the referee's decision, was not addressed by the board because of its disposition of the case under Section 108(n). Accordingly, this matter is remanded for the board to determine whether the referee's finding regarding the total disability onset date is supported by sufficient, competent evidence, and is otherwise in accordance with law.

ORDER

AND Now, this 15th day of November, 1984, the order of the Workmen's Compensation Appeal Board at A-84867, dated January 12, 1984, is reversed.

The record is remanded to the Board for purposes consistent with this Opinion.

Jurisdiction relinquished.

Judge MACPHAIL dissents.